■ In the Matter of the Claim of RONALD M. MARON, Appellant. COMMISSIONER OF LABOR, Respondent. [672 NYS2d 507] —Ap-

peal from a decision of the Unemployment Insurance Appeal Board, filed February 12, 1997, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

There is substantial evidence in the record to support the Unemployment Insurance Appeal Board's ruling that claimant was discharged under disqualifying circumstances because he engaged in a pattern of egregious behavior towards his secretary despite repeated requests that he desist. The conduct in question included, *inter alia*, stamping his secretary's arm with a date stamp, pulling her hair, rubbing her back, and striking her face with a crumpled cigarette package. This Court has held that offensive behavior in the work place and abusive conduct towards co-workers constitutes disqualifying misconduct (*see, Matter of Krupa [Sweeney]*, 236 AD2d 772; *Matter of Agis [Sweeney]*, 242 AD2d 819).

We are unpersuaded by claimant's arguments contending that his due process rights were abridged. Since the employer submitted an application to inspect the minutes of the hearing before the Administrative Law Judge and requested an extension (*see*, 12 NYCRR 463.1 [f] [4], [6]), the employer's written statement in support of the employer's appeal was not untimely. Claimant's assertion that it was error for a panel of two Board members to consider his appeal rather than a full Board panel has been examined and found to be lacking in merit (*see, Matter of Larkin [Sweeney]*, 235 AD2d 869) as has his contention that the Board did not render its decision "promptly" in accordance with Labor Law § 621 (3).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.