■ In the Matter of the Claim of DOUGLAS G. ROAWDEN, Appellant. COMMISSIONER OF LABOR, Respondent. [692 NYS2d 833] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 1998, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, a telephone clerk for a commodities trading firm, was reprimanded by the president of the company when he was heard yelling at a customer and was warned that he would be fired if such conduct occurred again. Notwithstanding claimant's comment that the president should fire him if that was his intention, the president continued working, whereupon claimant left and did not return to work thereafter. The Unemployment Insurance Appeal Board, which credited the employer's testimony that claimant could have continued working had he wished to do so, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause and charged him with a recoverable overpayment of benefits.

We affirm. Criticism from an employer does not necessarily constitute good cause for leaving one's employment (see, Matter of Grippi [Commissioner of Labor], 257 AD2d 883). Whether claimant was fired on the day in question, an allegation denied by the president, merely presented a credibility issue for resolution by the Board (see, Matter of Mesidor [Sweeney], 247 AD2d 696). Inasmuch as substantial evidence supports the Board's decision, it will not be disturbed. Finally, the unemployment insurance benefits claimant received were properly recoverable (see, Labor Law § 597 [4]).

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.