■ In the Matter of the Claim of KEVIN S. GALLAGHER, Appellant. COMMISSIONER OF LABOR, Respondent. [711 NYS2d 343] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 8, 1999, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed by a temporary services agency until he resigned from his last assignment. At the time of his assignment, claimant was informed by the employer that the job had an indefinite duration but could lead to a permanent position. However, soon after the job commenced, claimant contacted the employer's representative and advised her that he was dissatisfied with the assignment and did not get along with his supervisor. An alternative assignment was not available and the employer's representative testified that claimant agreed to continue with the assignment while efforts were being made to find him a new position. Nevertheless, claimant thereafter quit his job while continuing work was available.

Under the circumstances, we find that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant left his employment for personal and non-compelling reasons, thus disqualifying him from receipt of unemployment insurance benefits. It is well settled that dissatisfaction with one's work or an inability to get along with a supervisor does not generally constitute good cause to leave employment (see, Matter of Saglimbeni [Commissioner of Labor], 264 AD2d 933; Matter of Collins [Sweeney], 239 AD2d 758, 759). While claimant's version of the events surrounding his separation from employment and the filing of his claim for unemployment insurance benefits differed from that of the employer and the local office, this raised an issue of credibility for resolution by the Board (see, Matter of Boyle [Sweeney], 247 AD2d 809). Additionally, the record supports the ruling that claimant was properly charged with a recoverable overpayment of benefits (see, Matter of Roawden [Commissioner of Labor], 263 AD2d 658) based upon the willful misrepresentation in his claim for unemployment insurance benefits. Claimant's remaining arguments, including his assertion that it was error for a panel of two Board members to consider his

appeal rather than a full Board panel (*see, Matter of Maron [Commissioner of Labor]*, 250 AD2d 919, 920; *Matter of Pokigo [Superior Sales & Salvage—Hartnett]*, 156 AD2d 855, 856) and his claim of unfair and biased treatment at his hearing, have been examined and found to be lacking in merit.

Mercure, J. P., Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.