■ In the Matter of the Claim of Spyros Karastathis, Appellant. Commissioner of Labor, Respondent. [750 NYS2d 153] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 2001, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

The events leading to claimant's unemployment are in dispute. Claimant testified that he was fired following an argument with his supervisor, whereas the supervisor testified that claimant, a head chef, voluntarily resigned because he disapproved of certain changes being made at the restaurant where he worked and because he resented taking orders from the supervisor, who previously had been his coworker. The Unemployment Insurance Appeal Board resolved this credibility issue in favor of the employer, resulting in a finding that claimant had left his employment under disqualifying circumstances.

The Board's resolution of credibility issues lies within its discretion and will not be disturbed on judicial review provided there is substantial evidence to support it (see *Matter of Parisi [Commissioner of Labor]*, 284 AD2d 881). We find there to be sufficient proof to constitute substantial evidence that claimant left his employment for personal and noncompelling reasons. In so holding, we note that resentment caused by a supervisor's criticism, even if perceived as harsh and unfair by the claimant, does not constitute good cause for resigning (see *Matter of Grippi [Commissioner of Labor]*, 257 AD2d 883). Although claimant presented evidence that arguably could support the conclusion that he was dismissed, this does not provide a ground upon which to disturb the Board's decision, which was based upon substantial evidence (see *Matter of Foster [Tacy— Commissioner of Labor]*, 293 AD2d 848). Claimant's contention that the constant interpersonal conflict at work caused the

exacerbation of his dermatitis, compelling him to resign, is not supported by the record given claimant's admission that his physician did not advise him to resign and the lack of any other evidence that his resignation was medically necessary (*see Matter of Levinn [Commissioner of Labor]*, 249 AD2d 856, 857). Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.