■ In the Matter of the Claim of TERENCE L. GRAHAM, Appellant. COMMISSIONER OF LABOR, Respondent. [758 NYS2d 869] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 8, 2002, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant took an unauthorized one-week leave of absence from his employment to visit his brother in another state. Although claimant did not initially report his absence directly to the employer, his brother telephoned informing the employer that claimant would be absent due to personal problems. Claimant, who had previously been warned about his unexplained absences, was discharged upon his return. On his application for unemployment insurance benefits, claimant stated that he was unemployed due to lack of work. The Unemployment Insurance Appeal Board subsequently ruled that he had lost his employment due to disqualifying misconduct and charged him with a recoverable overpayment of benefits. We affirm.

A claimant's unauthorized absence from work may constitute disqualifying misconduct (*see Matter of Parker [Commissioner of Labor]*, 274 AD2d 734, 735 [2000]), especially in cases such as the matter under review, where the claimant has been warned that such conduct is unacceptable (*see Matter of Everette [Sweeney]*, 247 AD2d 811 [1998]). Claimant's contention that he had not previously been counseled regarding poor attendance raised a credibility issue for the Board's resolution (*see Matter of Patrick [La Salle School—Commissioner of Labor]*, 251 AD2d 944 [1998]). In addition, the contention that claimant's absences were caused by clinical depression was not raised before the Board or at his administrative hearings; hence, it will not be considered in the context of this appeal (*see Matter of Moreira [Commissioner of Labor]*, 251 AD2d 946, 947 [1998]).

Finally, we find that the record confirms the Board's ruling

that claimant was properly charged with a recoverable overpayment of benefits. Substantial evidence supports the finding that claimant made a willful false statement to obtain benefits when he reported that his employment ended due to lack of work (*see Matter of Williams [Commissioner of Labor]*, 274 AD2d 805, 806 [2000]). The remaining contentions raised herein have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.