■ In the Matter of the Claim of ANNE L. ALTMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [770 NYS2d 467]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 17, 2002, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left her employment as a bartender without good cause. After claimant received an adverse report from a spotter, a person who evaluates an employee's performance, claimant was taken off the schedule for one day. Claimant disagreed with the disciplinary measure and, when she complained to the manager,

an argument ensued. Thereafter, claimant left and failed to return the following day as scheduled. It is well settled that criticism from a supervisor, even if perceived as harsh or unfair, does not constitute good cause for leaving employment (*see Matter of Karastathis [Commissioner of Labor]*, 298 AD2d 822 [2002]) nor does failure to get along with one's supervisor (*see Matter of Toth [Sweeney]*, 244 AD2d 752 [1997]). Claimant's assertion for the first time on appeal that she was sexually harassed and intimidated by the manager was not raised at the administrative hearing and will not be considered on this appeal (*see e.g. Matter of Kearse [Commissioner of Labor]*, 308 AD2d 628 [2003]; *Matter of Graham [Commissioner of Labor]*, 305 AD2d 926 [2003]). Furthermore, inasmuch as claimant indicated on her application for unemployment insurance benefits that her employment ended due to lack of work, substantial evidence supports the Board's assessment of a recoverable overpayment of benefits as a result of claimant's willful misrepresentation (*see Matter of Bracci [Commissioner of Labor]*, 298 AD2d 823, 824 [2002]).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.