■ In the Matter of the Claim of LINDA J. GIUSTINO, Appellant. COMMISSIONER OF LABOR, Respondent. [782 NYS2d 878]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 5, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left her employment as a hotel housekeeper without good cause. The record establishes that claimant failed to comply with the employer's request that she finish washing the towels and sheets before leaving. The next morning when the employer reprimanded claimant for failing to finish the laundry as requested, claimant told the employer that she was leaving and the following day she did not report to work. It is well settled that criticism of one's work performance from an employer, even if perceived as harsh, does not constitute good cause for leaving employment (*see Matter of DeCarlo [Commissioner of Labor]*, 6 AD3d 1003 [2004]; *Matter of Altman [Commissioner of Labor]*, 3 AD3d 658 [2004]). Although claimant contends that the employer did not want her there and that she was fired, this created a credibility issue for the Board to resolve (*see Matter of Simon [Commissioner of Labor]*, 276 AD2d 961 [2000], *lv dismissed and denied* 96 NY2d 728 [2001]). Furthermore, given claimant's indication on her application for unemployment insurance benefits that she was fired despite her own testimony that the employer never specifically told her she was fired, we find no reason to disturb the Board's finding that claimant made willful false statements to obtain benefits (*see Matter of Parisi [Commissioner of Labor]*, 284 AD2d 881 [2001]). Finally, the record supports the decision of the Administrative Law Judge that testimony from claimant's witness, who had no direct knowledge of the events leading to the end of claimant's employment but, rather, wanted to give character testimony regarding the parties involved, was irrelevant (*see Matter of Wolfenburg [Sweeney]*, 242 AD2d 827 [1997]).

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.