In the Matter of the Claim of LISA A. FOX, Appellant. COMMISSIONER OF LABOR, Respondent. [790 NYS2d 317]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 26, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked part time as a sales associate for the employer. Although the initial terms of her employment had changed, the last change was implemented in December 2002 wherein claimant worked four days a week at the office and agreed to a change in her salary and commission. Thereafter, in June 2003, claimant asked to work a two-day schedule during the summer in order to accommodate her childcare needs. Although claimant testified that one of the partners told her that something could be worked out, another partner denied her request and informed her that, come the fall, her hours would

need to increase to full time. Claimant submitted her letter of resignation, effective the last day of the school year, citing the denial of her request for a summer schedule and inability to fulfill a full-time schedule in the fall. Claimant's application for unemployment insurance benefits was denied on the ground that she voluntarily left her employment without good cause. This appeal ensued.

Initially, we are unpersuaded by claimant's contention that the Administrative Law Judge erred in declining to consider that there were substantial changes in the terms of her employment. As noted by the Administrative Law Judge, the initial determination did not address the change in her salary inasmuch as it was not a reason stated in claimant's resignation letter and she had accepted the new terms of her employment for several months. Turning to the merits, we find that there is substantial evidence to support the decision of the Unemployment Insurance Board Appeal ruling that claimant voluntarily left her employment without good cause inasmuch as she left her employment while continuing work was available (*see Matter of Sangiorgio [Commissioner of Labor]*, 13 AD3d 793, 794 [2004]). Claimant's preference for particular work hours did not constitute good cause for leaving her employment (*see Matter of Erno [Commissioner of Labor]*, 10 AD3d 838 [2004]; *Matter of Gurtenboim [Commissioner of Labor]*, 306 AD2d 734, 735 [2003]). Although claimant maintains that the terms of her employment had changed, the record establishes that she had accepted such change for several months (*see Matter of Bartczak [Commissioner of Labor]*, 272 AD2d 731, 732 [2000]; *Matter of Stoddard [Sweeney]*, 242 AD2d 817 [1997]). Furthermore, her resignation in anticipation of a change in her employment was premature (*see generally Matter of Paul-Marseille [Commissioner of Labor]*, 8 AD3d 922 [2004]). To the extent that claimant challenges the Board's finding that she made willful false statements, the record establishes that she inaccurately indicated on her application for unemployment insurance benefits that she had been discharged, when she in fact resigned (*see Matter of Sangiorgio [Commissioner of Labor], supra*). Under these circumstances, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.