■ In the Matter of the Claim of BENOIT KABAYIZA, Appellant. COMMISSIONER OF LABOR, Respondent. [802 NYS2d 567]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 23, 2004, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked in the slicing department of a food processing company from August 2001 until December 2003. During this time, he also attended school. After experiencing problems with his supervisor and accumulating nearly the maximum number of adverse points under the employer's attendance policy, claimant resigned from his position, purportedly due to his school schedule. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the basis that he voluntarily left his employment without good cause and adhered to this decision upon reconsideration. Claimant appeals.

---

We affirm. Quitting a job in anticipation of being discharged (*see Matter of Hobson-Williams [Commissioner of Labor]*, 10 AD3d 749, 750 [2004]; *Matter of Santiago [Commissioner of Labor]*, 308 AD2d 674 [2003]) or due to the inability to get along with a supervisor (*see Matter of Ruballo [Commissioner of Labor]*, 286 AD2d 817, 818 [2001]; *Matter of Gallagher [Commissioner of Labor]*, 273 AD2d 662, 662 [2000], *lv denied* 95 NY2d 769 [2000]) does not constitute good cause for leaving employment. Here, claimant admitted that he was not comfortable with his supervisor and decided to resign rather than be terminated due to poor attendance using his school schedule as the excuse for leaving his job. Under these circumstances, substantial evidence supports the Board's decision that claimant left his employment for personal and noncompelling reasons.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.