■ In the Matter of the Claim of SANDRA L. KRISHER, Appellant. COMMISSIONER OF LABOR, Respondent. [823 NYS2d 296]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 13, 2005, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

From November 2001 until September 2004, claimant worked for a food service company as a territory sales manager servicing Steuben County, New York. On September 20, 2004, she informed her employer in writing that she needed to have her sales territory redefined because she had recently relocated to the City of Rochester, Monroe County for personal reasons. She indicated in the letter that the redefinition of her sales territory was not a request but a necessity. The employer's representatives advised claimant that the employer did not have a sales territory in the area where she relocated and, therefore, could not accommodate her. After giving two weeks notice, claimant stopped working for the employer. On her application for unemployment insurance benefits, claimant represented that she had been fired. She subsequently received benefits totaling $5,265. Thereafter the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. In addition, it charged her with a recoverable overpayment pursuant to Labor Law § 597 (4) and reduced her right to receive future benefits by eight effective days. The Board adhered to this decision upon reconsideration, resulting in this appeal.

We affirm. Resigning because of a relocation undertaken for purely personal reasons does not constitute good cause for leaving employment (*see e.g. Matter of Cisneros [Commissioner of Labor]*, 18 AD3d 1000 [2005]; *Matter of Magliaro [Commissioner of Labor]*, 252 AD2d 705 [1998]). Claimant relocated to Monroe County to live with her boyfriend and did so before making any inquiries about the redefinition of her sales territory. Claimant's assertion that she did not resign when informed that her sales territory could not be changed presented a credibility issue for the Board to resolve (*see Matter of Smith [Commissioner of Labor]*, 20 AD3d 844, 844 [2005]). Moreover, inasmuch as claimant inaccurately represented that she was fired when applying for benefits, the Board properly found that she made a willful false statement to obtain benefits and charged her with a recoverable overpayment (*see Matter of Collier [Commissioner of Labor]*, 19 AD3d 792, 793 [2005]; *Matter of Fradys [Commissioner of Labor]*, 308 AD2d 672, 672 [2003]). Claimant's remaining contentions have been considered and found to be lacking in merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.