In the Matter of the Claim of CHERYL E. CLARKE, Appellant. COMMISSIONER OF LABOR, Respondent. [833 NYS2d 256]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 13, 2005, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a medical secretary in the pathology department of a hospital. In August 2004, the employer approved her request to take the day after Thanksgiving off as a vacation day. Later, however, the employer rescinded the approval because claimant had used all of her vacation time. Claimant was warned that if she took that day off, her employment would be terminated and, when she did not report to work on that day, she was discharged. Following two hearings, the Unemployment Insurance Appeal Board ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she was terminated due to misconduct. Claimant now appeals.

We affirm. The testimony provided by the employer's representatives at the hearings establishes that claimant failed to report to work without authorization, which has been held to constitute disqualifying misconduct (*see Matter of Graham*

*[Commissioner of Labor]*, 305 AD2d 926 [2003]; *Matter of Albanese [Commissioner of Labor]*, 304 AD2d 945, 946 [2003]). There also is no merit to claimant's assertion that she was improperly denied the opportunity to cross-examine her supervisor at the hearing in violation of 12 NYCRR 461.4 (c). The Administrative Law Judge (hereinafter ALJ) at the first hearing specifically asked claimant on two occasions if she wished to cross-examine the supervisor. Although the transcript states that claimant's responses were inaudible, it is clear from the context of her exchange with the ALJ, and the fact that the ALJ proceeded to take her testimony, that claimant elected not to question the supervisor. Significantly, when the supervisor was recalled, the ALJ again asked claimant if she had any questions, to which claimant gave an unequivocal negative response. Claimant's remaining claim that the ALJ at the second hearing did not properly develop the record is unpersuasive.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.