■ In the Matter of the Claim of BARBARA TUBIAK, Appellant. COMMISSIONER OF LABOR, Respondent. [834 NYS2d 355]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 22, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant briefly worked as a receptionist at a doctor's office. After she was reprimanded concerning the manner in which she was handling patient calls, claimant abruptly left her job. On her application for unemployment insurance benefits, claimant represented that she was discharged. Although she initially received benefits in the amount of $1,017, the Unemployment Insurance Appeal Board subsequently ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause. It also charged her with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) and reduced her right to receive future benefits by eight effective days on the basis that she made a willful misrepresentation. Claimant now appeals.

We affirm. Criticism by an employer has been held not to constitute good cause for leaving one's employment (see Matter of DeCarlo [Commissioner of Labor], 6 AD3d 1003 [2004]; Matter of Roawden [Commissioner of Labor], 263 AD2d 658 [1999]). In the instant case, the employer's office manager testified that after she overhead claimant having extended telephone discussions with patients, she reminded claimant of the proper protocol for answering calls and that claimant left her job immediately thereafter. Although claimant maintained that she was fired, this presented a credibility issue for the Board to resolve (see Matter of Giustino [Commissioner of Labor], 11 AD3d 803, 804 [2004]). Accordingly, substantial evidence supports the Board's decision that claimant left her job for personal and noncompelling reasons. Moreover, inasmuch as claimant incorrectly represented that she was discharged when applying for benefits, the Board properly concluded that she made a willful misrepresentation to obtain benefits and charged her with a

recoverable overpayment (*see Matter of Krisher [Commissioner of Labor]*, 34 AD3d 894, 895 [2006]).

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.