■ In the Matter of the Claim of SONIA G. GRAMONTE, Appellant. INOR DENTAL, P.C., Respondent; COMMISSIONER OF LABOR, Respondent. [846 NYS2d 805]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 2006, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a dental assistant for two dentists. Following an incident in which one of the dentists reprimanded her for failing to inform the other dentist about defective materials, claimant became upset and went home. Two other employees accompanied her. Claimant did not return to work as scheduled and mailed the employer her keys. She applied for and received unemployment insurance benefits, but was subsequently disqualified by the Unemployment Insurance Appeal Board on the basis that she voluntarily left her employment without good cause. The Board also charged her with a re-

coverable overpayment and imposed a forfeiture penalty. Claimant appeals.

We affirm. "Criticism by an employer has been held not to constitute good cause for leaving one's employment" (*Matter of Tubiak [Commissioner of Labor]*, 39 AD3d 992, 992 [2007] [citations omitted]; *see Matter of Giustino [Commissioner of Labor]*, 11 AD3d 803, 804 [2004]). Here, claimant's sudden departure was a direct reaction to her employer's reprimand. Evidence was presented that she had abruptly left her job on two prior occasions but returned to work on her next scheduled work day. Although claimant asserts that the employer directed her and the two other employees to leave following the incident, she acknowledged that she was not told she was terminated or that she should not return to work. In any event, whether claimant was terminated presented a credibility issue for the Board to resolve (*see Matter of Karastathis [Commissioner of Labor]*, 298 AD2d 822, 822 [2002]). Moreover, we find no merit to claimant's assertion that she was improperly denied the right to have her two coworkers subpoenaed to testify at the hearing. Although claimant was entitled to make this request (*see* 12 NYCRR 461.4 [c]), the Administrative Law Judge denied it on the ground that their testimony regarding the incident would be cumulative and any testimony pertaining to their employment status was irrelevant. Under these circumstances, the Administrative Law Judge did not err in denying claimant's request (*see e.g. Matter of Monroe [Commissioner of Labor]*, 270 AD2d 558 [2000]; *cf. Matter of Mintzer [Sheft—Commissioner of Labor]*, 256 AD2d 965 [1998]). Claimant's remaining contentions have been examined and are unavailing.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.