In the Matter of the Claim of RICHARD L. FEIERMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [857 NYS2d 297]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, an accounts payable clerk, voluntarily left his employment without good cause. Claimant was advised by the employer's accounting manager that he was being placed on probation for 30 days for ongoing problems regarding his processing of vendor invoices. In response, claimant stated, "why don't you just fire me," and left the manager's office. Claimant then approached the employer's president and requested a transfer to another division, advising that he could not continue to work for the accounting manager. When the president indicated that a transfer was not possible, claimant walked out and did not return to work the next day. Although claimant denied that he quit his employment and testified that he believed he had been fired based upon his meeting with the president and/or based upon a letter from the employer received the following day, he conceded that he had been counseled regarding payment irregularities, he may have said something like "why don't you just fire me" and he thereafter left the employer's premises.

Criticism of one's work performance by an employer, even if perceived as harsh, has been held not to constitute good cause for leaving one's employment (see Matter of Tubiak [Commissioner of Labor], 39 AD3d 992, 992 [2007]; Matter of Giustino [Commissioner of Labor], 11 AD3d 803, 804 [2004]). As for claimant's assertion that he was fired, the question of whether claimant was in fact discharged presented a credibility issue for the Board to resolve (see Matter of Zaichik [Commissioner of Labor], 42 AD3d 616, 617 [2007]; Matter of Grimes [Commissioner of Labor], 25 AD3d 1049, 1050 [2006]). Under such circumstances, we find no basis for disturbing the Board's finding that claimant voluntarily left his employment without good

cause. We reach a similar conclusion regarding the loss of effective days. Inasmuch as claimant represented that he had been discharged when applying for benefits, the Board properly concluded that claimant made a willful misrepresentation to obtain unemployment insurance benefits (*see Matter of Tubiak [Commissioner of Labor]*, 39 AD3d at 992-993). Claimant's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.