■ In the Matter of the Claim of JACQUELINE SOTO-HAROLD, Appellant. COMMISSIONER OF LABOR, Respondent. [866 NYS2d 403]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 8, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a field representative for a pharmaceutical company for approximately three years. She was provided a gas card to use while on company business. After reviewing the records of claimant's gas card usage, the president of the company noticed unrelated charges and confronted claimant, informing her that she wished to meet with her the following morning to discuss the issue. Claimant never appeared for the meeting or reported to work. Claiming that she had been fired, she subsequently applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. Claimant appeals.

We affirm. Quitting one's job in response to an employer's criticism has been held not to constitute good cause for leaving employment (*see Matter of Gramonte [Inor Dental, P.C.—Commissioner of Labor]*, 46 AD3d 997, 998 [2007]; *Matter of Tubiak [Commissioner of Labor]*, 39 AD3d 992, 992 [2007]) as has failing to take steps to protect one's employment (*see Matter of Punzalan [Commissioner of Labor]*, 260 AD2d 886, 887 [1999]; *Matter of Illerbrun [Sweeney]*, 246 AD2d 722, 722 [1998]). In the case at hand, the company president testified that, after noticing the unusual gas card charges, she directed claimant to meet with her to discuss them, but that claimant failed to do so and, effectively, quit her job. In taking such action, claimant neglected to take the necessary steps to protect her employment. Accordingly, substantial evidence supports the Board's conclusion that claimant left her job for personal and noncompelling reasons. Claimant's testimony that she had not been told to come in to discuss anything and she was fired presented credibility issues for the Board to resolve (*see Matter of Tubiak [Commissioner of Labor]*, 39 AD3d at 992).

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.