■ In the Matter of the Claim of THEODORE C. BOUTON, Appellant. COMMISSIONER OF LABOR, Respondent. [878 NYS2d 464]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 2007, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, a server at a hotel restaurant, voluntarily left his employment without good cause. Neither dissatisfaction with one's working conditions (*see Matter of Goldberg [Commissioner of Labor]*, 55 AD3d 1120, 1121 [2008]; *Matter of Crandall-Mars [Commissioner of Labor]*, 47 AD3d 1179 [2008]) nor criticism of one's work performance by a supervisor (*see Matter of Gramonte [Inor Dental, P.C.—Commissioner of Labor]*, 46 AD3d 997, 998 [2007]; *Matter of Tubiak [Commissioner of Labor]*, 39 AD3d 992 [2007]) constitutes good cause for leaving employment. Here, claimant was reprimanded for failing to collect on a guest's dining check and was advised that further lapses in this regard could lead to suspension. When the employer declined to remove the reprimand from claimant's file, alter its policy regarding employee reprimands or assign claimant to a position where he would not be responsible for collecting funds, claimant resigned. Claimant's assertion that the employer's reprimand policy violates various state and federal labor laws is belied by his own hearing testimony, wherein he readily admitted that the employer never asked him to cover the guest's check. As the record supports a finding that claimant left his employment for personal and noncompelling reasons, the Board's decision is affirmed.

Rose, J.P., Lahtinen, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.