In the Matter of the Claim of BARBARA ESPOSITO, Appellant. COMMISSIONER OF LABOR, Respondent. [881 NYS2d 506]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, an office manager, voluntarily left her employment without good cause. Neither general dissatisfaction with one's work environment (*see Matter of Crawford [Commissioner of Labor]*, 54 AD3d 1120, 1121 [2008]; *Matter of Rizzicone [Commissioner of Labor]*, 32 AD3d 1056, 1057 [2006]) or wages (*see Matter of Bartczak [Commissioner of Labor]*, 272 AD2d 731, 732 [2000]) nor an employer's criticism of one's performance constitutes good cause for leaving employment (*see Matter of Soto-Harold [Commissioner of Labor]*, 55 AD3d 1119, 1120 [2008]; *Matter of Woodcheke [Commissioner of Labor]*, 53 AD3d 1011 [2008])—particularly where the employee continued to work under the allegedly offensive conditions for some time (*see Matter of Bartczak [Commissioner of Labor]*, 272 AD2d at 732; *see also Matter of Fox [Commissioner of Labor]*, 16 AD3d 758, 759 [2005]). Here, claimant quit following a "spat" with the employer regarding an error she made in processing a claim. Although claimant testified that she felt compelled to quit because the employer reduced her hours, failed to pay her in a timely manner and required her to work in a makeshift office, the record reflects that claimant worked under these conditions for some time, was aware that the employer was moving to better office space and elected to "let . . . slide" the issue of her tardy paychecks. Under these circumstances, the Board properly concluded that claimant voluntarily left her employment without good cause. Claimant's remaining contentions, including her assertion that the employer's payment schedule violated Labor Law § 191 (1) (d), have been examined and found to be lacking in merit.

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.