In the Matter of the Claim of MARTYNE S. LoRUSSO, Appellant. COMMISSIONER OF LABOR, Respondent. [890 NYS2d 204]—

Claimant was employed as an administrative assistant for a piano repair company for approximately five months. After she apparently made an error in billing a customer, she was confronted with the error by her employer and became involved in an argument. The employer told claimant to go home for the rest of the day, which was a Friday, and to return to work the following Monday. Claimant never returned to work and applied for unemployment insurance benefits, claiming that she was discharged for a lack of work. After claimant began receiving benefits, it was determined that claimant was disqualified from receiving benefits on the basis that she voluntarily left her employment without good cause. Claimant was also charged with a recoverable overpayment and a forfeiture penalty based upon a finding that she made a willful misrepresentation to receive benefits. Following a hearing, an Administrative Law Judge sustained those determinations and this decision was affirmed by the Unemployment Insurance Appeal Board. Claimant now appeals.

We affirm. Initially, we note that an employer's criticism of one's performance does not constitute good cause for leaving employment (*see Matter of Esposito [Commissioner of Labor]*, 62 AD3d 1202 [2009]; *Matter of Bouton [Commissioner of Labor]*, 60 AD3d 1246, 1247 [2009]). Moreover, "it is within the exclusive province of the Board to resolve issues of credibility raised by conflicting testimony" (*Matter of Becotte [Commissioner of Labor]*, 42 AD3d 790, 790-791 [2007]). Here, claimant

did not return to work following an argument with her employer over an alleged mistake she had made. Although claimant testified that her employer terminated her after the argument, both the employer and a coworker testified that claimant was told to leave for the day and return to work the following business day. Accordingly, we conclude that the Board's determination that claimant voluntarily left her employment without good cause is supported by substantial evidence. Similarly, inasmuch as claimant falsely represented that she was discharged for a lack of work when applying for benefits, the Board properly concluded that she made a willful misrepresentation and charged her with a recoverable overpayment and a forfeiture penalty (*see Matter of Tubiak [Commissioner of Labor]*, 39 AD3d 992, 992-993 [2007]).

Cardona, P.J., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.