■ In the Matter of the Claim of NANCY J. GARSIDE, Appellant. COMMISSIONER OF LABOR, Respondent. [902 NYS2d 209]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a financial analyst for the employer for approximately six months. When her supervisor requested an update on a project on which claimant was working, a confrontation ensued in the supervisor's office that ended when claimant announced she was resigning and abruptly left the office. Soon thereafter, claimant sent an e-mail to the head of the human resources department stating that she was resigning effective immediately. Following a hearing, claimant was denied unemployment insurance benefits on the basis that she voluntarily separated from her employment without good cause, and that decision was upheld by the Unemployment Insurance Appeal Board. Claimant now appeals.

We affirm. Whether a claimant has voluntarily left employment for good cause is a factual determination to be made by the Board, and its decision will not be disturbed if supported by

substantial evidence (*see Matter of Grace [Astrocom Elecs., Inc.— Commissioner of Labor]*, 69 AD3d 1156, 1157 [2010]; *Matter of Straw [Rocky Point Union Free School Dist.—Commissioner of Labor]*, 32 AD3d 1098, 1099 [2006]). Here, claimant contends that she was constructively discharged, inasmuch as she was subjected to constant verbal harassment by her supervisor as a result of claimant's sexual orientation. However, claimant admitted during the hearing that she had never complained to her supervisors or the human resources department about the alleged remarks and her e-mail resignation made no mention of harassment. Moreover, the Board credited the testimony of the supervisor in finding that she had not made derogatory comments to claimant, nor subjected claimant to discriminatory treatment. Such credibility issues are within the Board's province to determine (*see Matter of Smith [Rochester Inst. of Tech.— Commissioner of Labor]*, 68 AD3d 1431, 1431-1432 [2009]; *Matter of LoRusso [Commissioner of Labor]*, 68 AD3d 1317, 1317 [2009]). As such, we find the Board's determination is supported by substantial evidence.

We have examined claimant's remaining contentions and find them to be without merit.

Cardona, P.J., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.