In the Matter of SUSAN A. WEDGLE, Appellant. COMMISSIONER OF LABOR, Respondent. [952 NYS2d 810]—

Kavanagh, J. 

Claimant, an architect, undertook an overseas assignment for her employer for a three-month period and returned to New York in June 2009. After her return, claimant had a heated exchange with the employer about her salary and a pay raise that she alleged was promised to her prior to entering upon her overseas assignment. Claimant worked throughout the day after the meeting with her employer, but did not return to work on the following day. The next day—Saturday, July 25, 2009—she cleaned out her desk and removed her personal belongings from the workplace. Insisting that she had been terminated by her employer, claimant filed an application for unemployment insurance benefits. The employer denied that claimant had been terminated and opposed the application. The claim was subsequently denied and claimant was disqualified from receiv-

ing unemployment insurance benefits upon a finding that she had voluntarily left her employment without good cause. After a hearing, an Administrative Law Judge upheld that determination, finding that claimant had voluntarily left her employment without good cause and had not been terminated. The Unemployment Insurance Appeal Board affirmed this decision, and claimant appeals.

Whether a claimant has voluntarily left employment for good cause is a factual determination to be made by the Board, and its determination will not be disturbed if supported by substantial evidence, even if there is evidence that supports a contrary conclusion (see Matter of Ferreira [Commissioner of Labor], 84 AD3d 1609, 1610 [2011]; Matter of Garside [Commissioner of Labor], 73 AD3d 1420, 1420-1421 [2010]; Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor], 69 AD3d 1156, 1157 [2010]; Matter of Orrijola [Commissioner of Labor], 55 AD3d 1201, 1202 [2008]). In that regard, we note that credibility issues are for the Board to resolve (see Matter of Petrov [Bragard Inc.—Commissioner of Labor], 96 AD3d 1339, 1339 [2012]; Matter of Pencola [Commissioner of Labor], 92 AD3d 1009, 1010 [2012]).

Here, claimant testified that she had been terminated from her position after questioning her employer about her salary. The employer in turn denied terminating her and testified that claimant had been told that they would discuss the pay issue at a later time. Claimant remained at work that day, and while she did not return to work the next day, she later submitted a time sheet indicating that she did not come to work because she was "ill." Email records show that during the relevant time period, the employer repeatedly attempted to contact claimant and inform her that she was still in his employ and should return to work. He reiterated that claimant had not been fired, and asked when she would return to work or if she intended to leave her position. Since there is substantial evidence supporting the Board's determination that claimant was not terminated, but left the position voluntarily and without just cause, its decision will not be disturbed (see Matter of Brookes [Commissioner of Labor], 85 AD3d 1479, 1480 [2011]; Matter of LoRusso [Commissioner of Labor], 68 AD3d 1317, 1317-1318 [2009]).

Finally, the Administrative Law Judge did not err in denying claimant's request to call certain witnesses or issue a subpoena for the employer's phone and email records. The documents and testimony requested were, for the most part, based on the record before us, not relevant to the issues that had been raised during this proceeding or were cumulative (see 12 NYCRR 461.4

[c]; *Matter of Gramonte [Inor Dental, P.C.—Commissioner of Labor]*, 46 AD3d 997, 998 [2007]).

Rose, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.