In the Matter of the Claim of DANA W. SCESA, Appellant. SHA'AREI ZION OHEL BRACHA INSTITUTIONS, Respondent; COMMISSIONER OF LABOR, Respondent. [965 NYS2d 234]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 28, 2011, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a teacher at a private school from September 2006 until June 2008. She was asked prior to the start of the 2008-2009 school year if she wished to continue teaching during that school year. She indicated that she did not and was not rehired. She subsequently applied for unemployment insurance benefits and was found eligible to receive them. The employer objected and, following a hearing, an Administrative Law Judge sustained the initial determination. The Unemployment Insurance Appeal Board, however, ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. The Board adhered to this decision upon reconsideration, and claimant now appeals.

We affirm. A claimant who refuses an offer of suitable employment will be deemed to have voluntarily left his or her employment without good cause resulting in his or her disqualification from receiving unemployment insurance benefits (*see Matter of Zipes [Town of Wappinger—Commissioner of Labor]*, 274 AD2d 819, 819 [2000]; *Matter of Mason [Commissioner of Labor]*, 252 AD2d 704, 705 [1998]). Here, the employer's representatives testified that, when claimant was asked about teaching during the 2008-2009 academic year, she indicated that she wanted a higher salary and was not interested in continuing her employment on the same terms. Moreover, documentary evidence was admitted into evidence at the hearing establishing that claimant was offered the same position at a higher salary, but that she declined the offer. While claimant maintained that she was never

offered the position at a higher salary, this presented a credibility issue for the Board to resolve (*see Matter of Georgatos [Commissioner of Labor]*, 100 AD3d 1130, 1131 [2012]; *Matter of Garside [Commissioner of Labor]*, 73 AD3d 1420, 1421 [2010]). Notably, the Board was not bound by the findings of the Administrative Law Judge in this regard (*see Matter of Johnson [Commissioner of Labor]*, 67 AD3d 1228, 1229 [2009]). In view of the above, substantial evidence supports the Board's conclusion that claimant left her job for personal and noncompelling reasons. We have considered her remaining claims and find them to be unavailing.

Peters, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.