### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 24, 2014                    518294
_____

In the Matter of the Claim of
    FLORA MARKAJ,
                    Appellant.
                                          MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   June 9, 2014

Before:   Peters, P.J., Lahtinen, Stein, Rose and Devine, JJ.

_____

        Flora Markaj, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed March 14, 2013, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because she voluntarily left her employment without good cause.

        Claimant returned from sick leave to her job as a child
protective specialist and resigned that day due to her
frustration with a delay in being paid for her leave and in
anticipation of getting another job.  Claimant did not get the
new job and applied for unemployment insurance benefits, citing
various reasons for leaving her employment.  The Unemployment
Insurance Appeal Board denied the application on the ground that
claimant voluntarily left her employment without good cause.
Claimant now appeals.

        We affirm.  "Whether a claimant has good cause to leave his
or her employment is a factual determination to be made by the

Board, and its decision will not be disturbed when supported by substantial evidence" (Matter of Heller [Paragon Motors of Woodside, Inc.—Commissioner of Labor], 83 AD3d 1229, 1229-1230 [2011] [citations omitted]; accord Matter of Barone [Commissioner of Labor], 108 AD3d 918, 918 [2013]).  To the extent that claimant contends that she quit her job due to being recently reprimanded and her belief that she was going to be fired, it is well settled that "neither criticism of one's job performance nor quitting in anticipation of discharge constitutes good cause for resignation" (Matter of Hull [Commissioner of Labor], 77 AD3d 1012, 1013 [2010]; see Matter of Zerrillo [Commissioner of Labor], 91 AD3d 1011, 1012 [2012]).  Further, we find no error in the Administrative Law Judge's decision to preclude claimant from presenting evidence concerning her contention that she resigned due to stress based upon prior reprimands and allegations that her supervisor had harassed her in the past.  Claimant continued to work despite the allegations and cannot argue now that they justified her resignation (see generally Matter of Esposito [Commissioner of Labor], 62 AD3d 1202, 1202 [2009]; Matter of Bartczak [Commissioner of Labor], 272 AD2d 731, 732 [2000]).  Moreover, "[t]he inability to get along with a supervisor who is perceived as unduly critical does not . . . constitute good cause for leaving one's employment" (Matter of Jones [Commissioner of Labor], 109 AD3d 1064, 1065 [2013]).

Finally, as to claimant's contention that she resigned due to both the delay in receiving her sick leave and certain overtime pay and the resultant method of payment, the record reflects that claimant contributed to the delays by failing to follow the employer's protocol for requesting such pay.  Accordingly, the Board's finding that claimant left her employment for personal and noncompelling reasons is supported by substantial evidence and will not be disturbed.  We have considered her remaining claims, including that the employer's payroll policy violates Labor Law § 192, and find them to be unavailing.

Peters, P.J., Lahtinen, Stein, Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court