## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 11, 2014                518231
_____

In the Matter of the Claim of
    FAYLENE N. FAISON,
                    Appellant.

                                    MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, Rose, Devine and Clark, JJ.

_____


        Faylene N. Faison, Kinston, North Carolina, appellant
pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for respondent.


_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 19, 2013, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because she voluntarily left her employment without good cause.

        Claimant was employed in the childcare field by the
employer, a temporary agency.  Although claimant initially held a
position that allowed her to work directly with children, she was
later assigned to a position that was administrative in nature
and included data entry.  After approximately five months,
claimant requested to be returned to childcare work but no
positions were available, and claimant was given a position as a
receptionist and an administrative assistant.  Claimant informed
the employer that she would not continue to work at an
administrative position and, after the employer requested at
least two weeks notice, it was agreed that claimant's last day of

work would be May 25, 2012.  The Unemployment Insurance Appeal Board ultimately determined that claimant had voluntarily separated from her employment without good cause, and she now appeals.

We affirm.  "Whether a claimant has voluntarily left employment [without good cause] is a factual issue to be resolved by the Board, and its determination will not be disturbed so long as it is supported by substantial evidence" (Matter of Georgatos [Commissioner of Labor], 100 AD3d 1130, 1130 [2012] [internal quotation marks and citations omitted]; see Matter of Esposito [Commissioner of Labor], 62 AD3d 1202, 1202 [2009]).  Although claimant conceded at the hearing that continuing work was available, she asserts that she had good cause to resign because the employer unilaterally changed the terms and conditions of her employment when the employer assigned her administrative work in a childcare setting rather than a position working directly with children.  The employer testified, however, that claimant was informed that the nature of the assignments would vary at the time she was hired.  Moreover, even assuming that the employer had changed the terms and conditions of her employment, claimant continued to work for approximately five months under the alleged change.  Under these circumstances, substantial evidence supports the Board's determination that claimant voluntarily left her employment without good cause (see Matter of Esposito [Commissioner of Labor], 62 AD3d at 1202; Matter of Fox [Commissioner of Labor], 16 AD3d 758, 759 [2005]; see also Matter of Georgatos [Commissioner of Labor], 100 AD3d at 1130-1131).

Peters, P.J., Lahtinen, Rose, Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court