Matter of Sow (NY Minute Messenger, Inc.--Commissioner of Labor) (2022 NY Slip Op 00084)





Matter of Sow (NY Minute Messenger, Inc.--Commissioner of Labor)


2022 NY Slip Op 00084


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

531632
[*1]In the Matter of the Claim of Alfousseyn Sow, Respondent. NY Minute Messenger, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Peter Fidopiastis, Glens Falls, for appellant.
Carolyn B. George, Albany, for Alfousseyn Sow, respondent.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.



Colangelo, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 13, 2019, which ruled, among other things, that NY Minute Messenger, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
NY Minute Messenger, Inc. (hereinafter NYMM) is a logistics broker that arranges the pickup and delivery of business-related documents and parcels for its clients in the New York City area. NYMM engaged the services of Subcontracting Concepts LLC (hereinafter SCI) as a third-party administrator to handle payroll and other employment-related matters in connection with the drivers that NYMM hired to transport its client's materials. Claimant entered into an owner/operator agreement with SCI and was hired by NYMM as a driver. When this arrangement ended, claimant applied for unemployment insurance benefits. The Department of Labor issued initial determinations finding that an employment relationship existed between NYMM and claimant, and that NYMM was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. NYMM objected and, following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the Department's determinations. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed, and NYMM appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Thorndike [Penn Mut. Life Ins. Co.-Commissioner of Labor], 185 AD3d 1255, 1256 [2020] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence" and "if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (id. at 137 [internal quotation marks, brackets and citations [*2]omitted]; see Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [2020]; Matter of Jordan [Alterna Holdings Corp.-Commissioner of Labor], 187 AD3d 1264, 1265 [2020]).
Upon reviewing the record before us, we find that substantial evidence supports the Board's finding of an employer-employee relationship. The record contains evidence that NYMM issued claimant an identification card bearing NYMM's name and required claimant to wear shirts and jackets with its logo on it. NYMM would assign claimant pickups and deliveries and required him to provide proof of delivery. NYMM set claimant's rate of pay, provided some training, handled client complaints and would pay claimant even if the clients had not paid NYMM. Although there is record evidence that could support a contrary determination, the foregoing constitutes substantial evidence to support the Board's determination that an employer-employee relationship exists (see Matter of Gill [Strategic Delivery Solutions LLC-Commissioner of Labor], 134 AD3d 1362, 1363-1364 [2015]; Matter of Voisin [Dynamex Operations E., Inc.-Commissioner of Labor], 134 AD3d 1186, 1187-1188 [2015]). Moreover, contrary to NYMM's claim, the Board properly determined that its finding of an employment relationship applied to others found to be similarly situated to claimant (see Labor Law § 620 [1] [b]; Matter of Brown [Plannernet, Inc.-Commissioner of Labor], 195 AD3d 1329, 1332 [2021]; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [2015]). Finally, we reject NYMM's contention that the ALJ improperly denied its request to present the testimony of a representative of SCI to provide evidence regarding the owner/operator agreement signed by claimant. The agreement was already in the record and SCI had no involvement in the actual services provided to NYMM by claimant. Accordingly, the ALJ reasonably concluded that the testimony was cumulative as to the written agreement and otherwise irrelevant (see Matter of Lombard [SOH Distrib. Co., Inc.-Commissioner of Labor], 52 AD3d 981, 981-982 [2008]; Matter of Gramonte [Inor Dental, P.C.-Commissioner of Labor], 46 AD3d 997, 998 [2007]).
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.