Matter of Gaffney (Commissioner of Labor) (2025 NY Slip Op 06114)

Matter of Gaffney (Commissioner of Labor)

2025 NY Slip Op 06114

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CV-25-0478
[*1]In the Matter of the Claim of Ryan Gaffney Sr., Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 3, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ.

Ryan Gaffney Sr., Niagara Falls, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 2024, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant worked as a senior quality assurance coordinator for the employer, a customs broker, for approximately five years. As a form of discipline for failing to perform his assigned duties, claimant's work from home privileges were revoked until his performance improved. When claimant did not report to the office for two consecutive days, the employer notified him that, pursuant to company policy, his conduct constituted a voluntary resignation from his position. Claimant filed a claim for unemployment insurance benefits, and the Department of Labor subsequently issued an initial determination disqualifying claimant from receiving benefits, finding that he had voluntarily left his employment without good cause. Following a hearing, at which the employer failed to appear, an Administrative Law Judge (hereinafter ALJ) overruled the initial determination and concluded that claimant was eligible for benefits. Thereafter, the ALJ granted the employer's application to reopen the case and conducted a second hearing where both claimant and the employer appeared. The ALJ then sustained the initial determination disqualifying claimant from receiving benefits on the basis of his voluntary separation from employment without good cause and, upon claimant's administrative appeal, the Unemployment Insurance Appeal Board affirmed. Claimant appeals.
We affirm. "Whether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Pope [Commissioner of Labor], 224 AD3d 1039, 1039 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Des Abbayes [Commissioner of Labor], 239 AD3d 1199, 1200-1201 [3d Dept 2025]). Notably, a claimant's failure to report to work may support a finding that he or she voluntarily separated from employment (see Matter of Feierman [Commissioner of Labor], 50 AD3d 1424, 1424-1425 [3d Dept 2008]; Matter of Zaichik [Commissioner of Labor], 42 AD3d 616, 617 [3d Dept 2007]; see also Matter of Hamlin [Commissioner of Labor], 238 AD3d 1413, 1414 [3d Dept 2025]).
Here, upon reaching the date when he was required to report back to the office due to his reprimand, claimant messaged his manager requesting to either be fired or allowed to continue working from home, to which the manager responded that claimant was not approved to work from home. The manager testified that claimant was never informed that his discharge was imminent or inevitable, and nevertheless, "[q]uitting in anticipation of discharge does not constitute good cause for leaving one's employment" (Matter of Colon [Staffing Solutions Org. LLC-Commissioner of Labor], 179 AD3d 1417, 1418 [3d Dept [*2]2020] [internal citations omitted]; see Matter of Rohde [Goshen Chamber of Commerce, Inc.-Commissioner of Labor], 175 AD3d 1715, 1716 [3d Dept 2019]). Claimant's contention that he did not report to work because of his inability to find childcare for his son was found to be unreliable based upon his contradictory testimony over the course of the hearings, and "issues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1415 [3d Dept 2025] [internal quotations marks, brackets and citations omitted], lv denied ___ NY3d ___ [Oct. 23, 2025]; see Matter of Smith [Commissioner of Labor], 228 AD3d 1159, 1161 [3d Dept 2024]). Claimant also testified that he believed it was unfair that he was expected to return to an in-office working arrangement. However, " 'neither generalized dissatisfaction with one's working conditions, salary, job duties nor workload constitutes good cause for leaving one's employment' " (Matter of Pope [Commissioner of Labor], 224 AD3d at 1039, quoting Matter of Brozak [Commissioner of Labor], 213 AD3d 1107, 1108 [3d Dept 2023]). As substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause, it will not be disturbed. Claimant's remaining contentions, to the extent that they are properly before us, have been found lacking in merit.
Clark, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.