■ In the Matter of the Claim of JAMES R. ROBERT, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. (And Another Related Claim.) [657 NYS2d 266] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 27, 1996, which ruled that claimants were disqualified from receiving unemployment insurance benefits because they voluntarily left their employment without good cause.

Claimants, James R. Robert and Roger Ike, were employed by Roscoe Woodworking, a small custom woodworking shop. On October 24, 1995, the employer provided its employees, including claimants, with a written "Employee Policy Addendum" dated October 25, 1995. As relevant to this proceeding, the writing advised that unless excused in writing by their supervisor, all hourly employees were required to work as many as seven hours of overtime on any given day. Although the employer was to give as much notice as possible, "[a] lack of notice [would] not relieve the employee of the requirement to work the directed overtime". On the very day that claimants were advised of this new policy (and one day prior to its purported effective date), they were told that they must remain after normal working hours to work overtime and were led to believe that a refusal would result in their termination. Claimants (and several other employees, including claimants' supervisor) quit their jobs as a result. Claimants applied for unemployment insurance benefits. The applications were approved by the local unemployment insurance office. On administrative appeal, an Administrative Law Judge overruled the employer's objection and sustained the initial determination. Upon further administrative appeal, however, the Unemployment Insurance Appeal Board overruled the ALJ's determination, concluding that claimants voluntarily left their employment for personal and noncompelling reasons. Claimants now appeal to this Court. No responding briefs have been filed.

Because we conclude that there is not substantial evidence in the record to support the Board's implicit conclusion that the October 25, 1995 written policy did not constitute a substantial departure from the employer's prior overtime policy, we are constrained to reverse the Board's determina-

tion. According to the testimony of the employer's principal, the October 25, 1995 policy was put into effect in order to make the employer better able to deal with employees' refusal to work a "directive work week" of up to 60 hours. Although termination was a remedy that had always been available to the employer, it had never been utilized and was thought to constitute an ineffective incentive in any event. As a preferred intermediate remedy, the October 25, 1995 memorandum imposed the unprecedented policy of permitting the employer to place an unwilling employee on probation with an automatic 20% reduction in salary. In our view, this action represented a substantial change in the employer's overtime policy, precipitating claimants' reaction of terminating their employment (*see, Matter of Murphy [Levine]*, 49 AD2d 653, 654).

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decisions are reversed, with costs, and decisions of the Administrative Law Judge reinstated.