■ In the Matter of the Claim of YVONNE VIRUET, Respondent. McKENZIE, McGHEE & HARPER, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [666 NYS2d 310] —Crew III, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 7, 1997, which

---

ruled that claimant was entitled to receive unemployment insurance benefits.

Although we recognize that the determination of whether an employee voluntarily left his or her employment without good cause constitutes a factual question for the Unemployment Insurance Appeal Board to resolve, there nevertheless must be substantial evidence in the record to support the Board's decision in that regard. Based upon our review of the record before us, we cannot say that there is substantial evidence to support the Board's finding that claimant, a receptionist for a law firm, was justified in leaving her employment due to the "repeated[ ] and public[ ]" criticism of her work by one of the employer's partners. Criticism of an employee's performance by a supervisor does not constitute good cause for leaving one's employment (see, Matter of Baxter [Sweeney], 244 AD2d 623), even where harsh words are used (see, Matter of Grubman [Notaro—Sweeney], 242 AD2d 767 [criticism included accusing the claimant of "milking" and "abusing" her position]; Matter of Collins [Sweeney], 239 AD2d 758 [criticism included attacking the claimant's teaching abilities and informing him that "if he did not like it he could leave"]). Claimant conceded that she was not reprimanded in front of clients, and her testimony as to the circumstances under which her performance was called into question was inconsistent and, as a whole, does not support the Board's finding that she was publicly humiliated by the partner. Accordingly, the Board's decision must be reversed.

White, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is reversed, without costs, claim dismissed and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.