■ In the Matter of the Claim of JOHN GEGA, Appellant. COMMISSIONER OF LABOR, Respondent. [708 NYS2d 493] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 28, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant resigned from his employment as a superintendent due to conflicts that arose after the employer hired a new property manager. Prior to this time, claimant had been performing some of the duties of property manager as well as his regular work duties. The hiring of the new manager meant, *inter alia*, that claimant no longer performed managerial duties and, in addition, he was required to report directly to the property manager. After expressing dissatisfaction with the new arrangement, claimant quit his job. Substantial evidence supports the ruling of the Unemployment Insurance Appeal Board that claimant left his employment under disqualifying circumstances. Notably, dissatisfaction with one's workload or duties has been found not to constitute good cause for leaving one's employment (*see, Matter of Harris [CDS Mfg.—Sweeney]*, 243 AD2d 804). Although claimant indicated that he would have been happy to return to his former job if the management in place was no longer there, it is well settled that an inability to get along with supervisors or co-workers does not generally constitute good cause to leave employment (*see, Matter of Saglimbeni [Commissioner of Labor]*, 264 AD2d 933).

Cardona, P. J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.