■ In the Matter of the Claim of MICHAEL J. O'LEARY, Appellant. COMMISSIONER OF LABOR, Respondent. [709 NYS2d 251]

—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 1, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a construction industry driver until he walked off the job after a supervisor yelled at him while giving instructions related to work assignments. Claimant indicated at the hearing that he left his job because he felt he was being harassed by his supervisor and he was concerned over the fact that he had sustained three work-related injuries in a short span of time. Notably, he only sought medical attention for one of the injuries.

Substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant voluntarily left his employment without good cause. Criticism by a supervisor does not necessarily constitute good cause for leaving one's employment, even where harsh words are used or the supervisor is perceived as unduly critical (*see, Matter of Viruet [McKenzie, McGhee & Harper—Sweeney]*, 245 AD2d 707). Concerning claimant's injuries, the Board rationally adopted the Administrative Law Judge's finding that the injuries "were ordinary mishaps and were not due to any inherently dangerous nature of the job." While claimant further complains that no one testified at the hearing on behalf of the employer, we note that he never requested that anyone be subpoenaed despite being informed of this right by the Administrative Law Judge (*see, Matter of Boehm [Commissioner of Labor]*, 268 AD2d 665). We have considered claimant's remaining arguments and find them to be unpersuasive under the circumstances.

Crew III, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.