■ In the Matter of the Claim of AIDA C. VALENTIN, Respondent. WAVERLY CENTRAL SCHOOL DISTRICT, Appellant; COMMISSIONER OF LABOR, Respondent. [721 NYS2d 162] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 22, 1999, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant, a per diem food service employee, worked for the employer from January 1990 to April 1998. She resigned from her position following the employer's decision to reduce her hours from 5 to 3½ per day because of budget restraints. Thereafter, she applied for and received unemployment insurance benefits. The employer challenged claimant's receipt of benefits on the ground that she voluntarily left her employment without good cause. The Unemployment Insurance Appeal Board ruled that claimant was eligible to receive benefits inasmuch as the reduction of her wages constituted good cause for leaving her employment. The employer appeals.

We reverse. While we are mindful that the issue of whether an employee voluntarily left his or her employment without good cause is a factual one for resolution by the Board, there nevertheless must be substantial evidence in the record to support the Board's decision (see, Matter of Viruet [McKenzie, McGhee & Harper—Sweeney], 245 AD2d 707, 708). Moreover, it is well established that a claimant's dissatisfaction with a position's hours or wages does not constitute good cause for resigning (see, Matter of King [Sweeney], 243 AD2d 802; Matter of Cudnik [Sweeney], 235 AD2d 888), unless there has been a substantial change in the terms or conditions of employment (see, Matter of Robert [Sweeney], 239 AD2d 809). Based on our review of this record, we cannot say that there is substantial evidence to support the Board's finding that claimant left her employment because of a reduction in her wages sufficient to constitute a substantial change in the terms of her employment. To the contrary, claimant testified that she never inquired of her employer as to what her wages would be following the reduction of her hours. Rather, she testified that it had been her intention to increase her hours from five to six per day so that she would be eligible to obtain "contract" employment as opposed to "per diem" employment. She indicated that when the employer reduced her hours she perceived that she would no longer be eligible to become a contract employee and resigned from employment. Accordingly, the Board's decision must be reversed.

Cardona, P. J., Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.