◼ In the Matter of the Claim of Thomas E. Petrillo, Appellant. Commissioner of Labor, Respondent. [764 NYS2d 666] —Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 2002, which, inter alia, denied claimant's application to reopen a previous decision denying his application for unemployment insurance benefits.

By initial determination effective June 13, 2000, the Department of Labor disqualified claimant from receiving unemployment insurance benefits on the ground that he voluntarily left his employment without good cause. Following two separate hearings before an Administrative Law Judge (hereinafter ALJ), the Unemployment Insurance Appeal Board remanded the case for a third hearing at which the employer was to produce payroll records and claimant was to produce documentary evidence that his physician advised him to leave his employment. However, after expressly acknowledging the May 3, 2001 hearing date in a letter to the ALJ, claimant failed to appear without providing notice. As such, based on the credible evidence that had been presented by the employer, the ALJ sustained the initial determination and disqualified claimant from receiving benefits. Thereafter, the ALJ denied claimant's application to reopen. By decision filed October 2, 2001, the Board sustained claimant's ineligibility for benefits and affirmed the denial of claimant's request to reopen the matter. On March 8, 2002, claimant requested that the Board reopen

and reconsider its October 2, 2001 decision. The Board denied the application and this appeal by claimant ensued.

We affirm. " 'The denial of an application for reopening and reconsideration will only bring up for review the merits of the original determination when the application is made within the 30-day period during which that original determination could be appealed' " (*Matter of Jackson [Commissioner of Labor]*, 306 AD2d 604, 604 [2003], quoting *Matter of De Siato [Ross]*, 74 AD2d 988, 988-989 [1980]; *see Matter of Becton [Commissioner of Labor]*, 278 AD2d 570 [2000], *lv dismissed* 96 NY2d 792 [2001]). Here, inasmuch as claimant did not object to the Board's October 2, 2001 decision until March 8, 2002, his attempts to argue the merits of his disqualification from receiving unemployment insurance benefits are not properly before this Court (*see Matter of Jackson [Commissioner of Labor], supra* at 604). Moreover, given claimant's complete failure to demonstrate that the Board abused its discretion in denying his application to reopen, its decision will not be disturbed (*see Matter of Perito [Commissioner of Labor]*, 306 AD2d 673, 674 [2003]; *Matter of Gbolo [Commissioner of Labor]*, 272 AD2d 775 [2000]).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.