■ In the Matter of the Claim of WILLIE C. HILL, Appellant. COMMISSIONER OF LABOR, Respondent. [865 NYS2d 700]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 2008, which disqualified claimant from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a cook at a restaurant for nearly one year. He resigned from his position after having difficulties with the kitchen manager, who claimant blamed for spreading rumors and causing difficulties with other staff. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the basis that he voluntarily left his employment without good cause. Claimant appeals.

We agree with claimant that the Administrative Law Judge

should have admitted into evidence claimant's supplement to his benefits questionnaire. That nine-page document was sent within two weeks after the questionnaire was filed and further explained claimant's reasons for quitting. No intervening events occurred which could be said to have prompted claimant to alter his reasoning. As the Administrative Law Judge relied on the questionnaire, the supplement should have been admitted as well.

Despite this evidentiary error, the record contains substantial evidence to support the finding that claimant voluntarily left his employment without good cause. General dissatisfaction with working conditions or the inability to get along with coworkers or a supervisor do not constitute good cause for leaving employment (see Matter of Stevens [Commissioner of Labor], 50 AD3d 1351, 1352 [2008]; Matter of Logghe [BWIA W. Indies Airways Ltd.—Commissioner of Labor], 39 AD3d 1003, 1004 [2007]). The Board is vested with the authority to make credibility determinations, which it did here by discrediting some of claimant's proffered reasons for quitting (see Matter of Stevens [Commissioner of Labor], 50 AD3d at 1352). Even if the kitchen manager was inciting others to ask claimant about his sexual orientation, the Board could reasonably find that claimant left his employment for other reasons. Claimant testified and listed on his questionnaire that he felt that the kitchen manager was conspiring against him and spreading rumors that claimant turned him in for smoking marihuana on the job. But claimant further testified that, although he did not initially report the kitchen manager, when asked by management claimant confirmed that he had personally smoked marihuana during work hours with the kitchen manager. An investigation into that situation was ongoing and could have resulted in disciplinary action against claimant. Additionally, the day before he quit, claimant was given a written warning for missing his last shift. Under the circumstances, we cannot say that the Board abused its discretion in disbelieving claimant's statement that he quit only because he was being harassed based on his sexual orientation (see Matter of Logghe [BWIA W. Indies Airways Ltd.—Commissioner of Labor], 39 AD3d at 1004). As substantial evidence supports the Board's determination, we affirm.

Cardona, P.J., Peters, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.