In the Matter of the Claim of WILLIAM P. HAYES, Appellant. COMMISSIONER OF LABOR, Respondent. [884 NYS2d 190]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 10, 2008, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant ceased working as a driver for a transportation company on March 26, 2008. His application for unemployment insurance benefits indicated that he had been discharged for failing to meet his employer's performance or production standards and he was initially awarded benefits. After claimant began receiving benefits, it was determined that he was disqualified from receiving benefits on the basis that he voluntarily left his employment without good cause. Claimant was also charged with a recoverable overpayment and a forfeiture penalty was imposed based upon the finding that he made a willful misrepresentation to receive benefits. Following a hearing, those determinations were sustained by an Administrative Law Judge whose decision was, in turn, affirmed by the Unemployment Insurance Appeal Board. Claimant appeals.

We affirm. Claimant's assertion that he was terminated presented a credibility issue for the Board to resolve (see Matter of Hughes [Commissioner of Labor], 37 AD3d 966, 966 [2007]). Indeed, in an e-mail dated March 27, 2008, the employer expressed surprise that claimant "resign[ed] yesterday," and requested that claimant contact him to "work things out." In a response the following day, claimant did not deny resigning; rather, he criticized a coworker and bemoaned past company policy while indicating a willingness to return if he was offered a raise. However, neither dissatisfaction with one's salary (see Matter of Strader [Commissioner of Labor], 49 AD3d 1120, 1120 [2008]), unhappiness in the general work environment (see Matter of Ayad [Alia-Royal Jordanian Airline Corp.—Commissioner of Labor], 41 AD3d 1126, 1127 [2007]) nor the inability to get along with a difficult coworker constitutes good cause for leav-

ing one's employment (*see Matter of Stevens [Commissioner of Labor]*, 50 AD3d 1351, 1352 [2008]). Accordingly, substantial evidence supports the Board's determination that claimant left his job without good cause and we decline to disturb it. Similarly, inasmuch as claimant falsely represented that he was discharged when applying for benefits, the Board properly concluded that he made a willful misrepresentation and charged him with a recoverable overpayment (*see Matter of Tubiak [Commissioner of Labor]*, 39 AD3d 992, 992-993 [2007]), and imposed a forfeiture penalty.

Mercure, J.P., Spain, Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.