■ In the Matter of Richard M. Kelly, Appellant. A-1 Technology, Inc., Respondent; Commissioner of Labor, Respondent. [885 NYS2d 549]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a client relationship manager for a software development company from May 2006 until September 2007. He initially entered into a contract with the company under which he was to be paid on a commission basis with a $4,000 monthly draw. That arrangement was changed in November 2006 at which time the monthly draw was eliminated after claimant was absent from work and nonresponsive to clients. Claimant continued to work for the company until receiving his last commission check on September 17, 2007. Dissatisfied with the amount of that check, he left his job. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the basis that he voluntarily left his employment without good cause. Claimant now appeals.

We affirm. It is well settled that dissatisfaction with wages does not constitute good cause for leaving employment for purposes of receiving unemployment insurance benefits (*see Matter of Strader [Commissioner of Labor]*, 49 AD3d 1120, 1120 [2008]; *Matter of Feliciano [Commissioner of Labor]*, 39 AD3d 1115, 1116 [2007]). Likewise, the failure to take steps to protect one's employment by giving the employer an opportunity to remedy any problems will also result in disqualification (*see Matter of Crawford [Commissioner of Labor]*, 54 AD3d 1120, 1121 [2008]; *Matter of Warmsley [Commissioner of Labor]*, 32 AD3d 1059, 1060 [2006]). In the case at hand, claimant was clearly unhappy with his compensation as he filed a complaint with the Department of Labor asserting that he was being paid *less than minimum wage*. Although claimant maintained that he communicated his concerns to the employer prior to the time that he quit, the employer's representative stated that he did not recall such a conversation. Such conflicting testimony presented a credibility issue for the Board to resolve (*see Matter of Soto-Harold [Commissioner of Labor]*, 55 AD3d 1119, 1120 [2008]). In view of this, and considering that claimant admitted to voluntarily leaving his job, substantial evidence supports the Board's decision.

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.