■ In the Matter of RALPH G. RIZZA, Appellant. COMMISSIONER OF LABOR, Respondent. [889 NYS2d 123]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a cook at a nursing home for a little over two years. Following an argument with the head chef, claimant resigned from his position. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the basis that he voluntarily left his employment without good cause. Claimant now appeals.

It is well settled that harsh criticism from a supervisor (*see Matter of Orrijola [Commissioner of Labor]*, 55 AD3d 1201, 1202 [2008]; *Matter of Poliseno [Commissioner of Labor]*, 37 AD3d 938, 938 [2007]) or the inability to get along because of a personality conflict (*see Matter of Hill [Commissioner of Labor]*, 54 AD3d 1123, 1124 [2008]; *Matter of Crandall-Mars [Commissioner of Labor]*, 47 AD3d 1179, 1179 [2008]) does not constitute good cause for leaving employment. In the case at hand, evidence was presented that claimant and the head chef had ongoing disagreements of which the employer was aware. During the incident in question, the head chef was instructing claimant on the proper manner of calculating the food portions when the conversation deteriorated into an exchange of personal

insults ending in claimant's abrupt departure from the workplace. Although claimant stated that he experienced headaches and chest pains and was fearful that the head chef might become violent, he did not seek medical attention or advise the employer that he was afraid for his safety. Substantial evidence supports the Board's determination that claimant left his job due to personal and noncompelling reasons.

Cardona, P.J., Peters, Rose, Kane and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.