■ In the Matter of ALLISON B. JENNINGS, Appellant. BAY BROKERAGE, Respondent; COMMISSIONER OF LABOR, Respondent. [914 NYS2d 357]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a release clerk for a customs broker for approximately three months. During that time, she experienced conflicts with coworkers and her work performance was criticized by her employer. She ultimately resigned from her position due to the stress of the job. The Unemployment Insurance Appeal Board ruled that she was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. Claimant appeals.

We affirm. Initially, we note that neither general dissatisfaction with working conditions nor the inability to get along with coworkers constitutes a good reason for leaving one's employment (*see Matter of Gagraj [Highroad Press, LLC—Commissioner of Labor]*, 62 AD3d 1135, 1136 [2009]; *Matter of Hill [Commissioner of Labor]*, 54 AD3d 1123, 1124 [2008]). Here, claimant testified that the employer was overly critical of her work performance, she had personal problems with a coworker and she was overwhelmed by her duties. Claimant maintained that she left her position because the stress of the job was adversely affecting her mental health, but admittedly did not receive medical advice to leave her employment (*see Matter of Harris [Commissioner of Labor]*, 71 AD3d 1223, 1224 [2010]; *Matter of Dunlop [Commissioner of Labor]*, 62 AD3d 1186, 1186 [2009]). Likewise, she did not take steps to protect her employment by giving the employer the opportunity to address her concerns (*see Matter of Kelly [A-1 Tech., Inc.—Commissioner of Labor]*, 65 AD3d 1405, 1406 [2009]). Inasmuch as the proof in the record establishes that claimant left her employment for personal and noncompelling reasons, we find no reason to disturb the Board's decision.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.