■ In the Matter of the Claim of MELVIN C. HELLER, Respondent. PARAGON MOTORS OF WOODSIDE, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [921 NYS2d 403]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 2010, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant, a finance manager for an automobile dealership, worked for the employer from February 2008 to November 2008, at which time he resigned because his commission rate was reduced from 20% to 7.5%. Thereafter, he applied for and received unemployment insurance benefits. The employer challenged claimant's entitlement to benefits on the ground that he left his employment without good cause. Ultimately, the Unemployment Insurance Appeal Board ruled that claimant was eligible to receive benefits and the employer now appeals.

We affirm. Whether a claimant has good cause to leave his or her employment is a factual determination to be made by the Board, and its decision will not be disturbed when supported by substantial evidence (*see Matter of Emery [Memorial Sloan Kettering Cancer Ctr.—Commissioner of Labor]*, 76 AD3d 731, 732 [2010]; *Matter of Polisseni [Commissioner of Labor]*, 73 AD3d

1266, 1267 [2010]). Here, we find that substantial evidence supports the Board's determination that a nearly two-thirds reduction in claimant's rate of pay constituted a substantial change in the terms and conditions of his employment, and represented good cause for him to leave his employment (*see Matter of Lavecchia [Dana Funding—Commissioner of Labor]*, 265 AD2d 724, 724-725 [1999]; *Matter of Robert [Sweeney]*, 239 AD2d 809, 810 [1997]; *Matter of Wacksman [County of Nassau—Roberts]*, 129 AD2d 848, 848 [1987]; *compare Matter of Valentin [Waverly Cent. School Dist.—Commissioner of Labor]*, 281 AD2d 666, 666 [2001]; *Matter of Rowe [Commissioner of Labor]*, 258 AD2d 803, 803-804 [1999]). The employer's contention that claimant's commission rate was reduced only to 17.5% presented a credibility question to be resolved by the Board (*see Matter of Reilly [Transitional Servs. for N.Y., Inc.—Commissioner of Labor]*, 76 AD3d 738, 739 [2010]; *Matter of Messado [City of New York—Commissioner of Labor]*, 76 AD3d 740, 741 [2010]).

We have examined the employer's remaining contentions, including that its due process rights were violated, and find them to be either unpreserved or without merit.

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.