In the Matter of the Claim of MARIAN BIELAK, Appellant. COMMISSIONER OF LABOR, Respondent. [962 NYS2d 815]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 1, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked for the employer as a toolmaker for nearly two years. He was stressed by the physical and psychological demands of the job and felt that his supervisor was verbally abusive and treated him poorly. In early December 2009, he took a few days off from his job and went to see a doctor, who diagnosed him with work-related stress and anxiety and authorized his absence from work from December 8, 2009 until January 6, 2010 for medical reasons. Before taking the leave of absence, however, claimant met with his supervisor and tendered his resignation, citing stress and job safety as the reasons for his decision. He was initially disqualified from receiving unemployment insurance benefits on the basis that he voluntarily left his employment without good cause. Following a number of hearings, an Administrative Law Judge sustained this determination and her decision was later upheld by the Unemployment Insurance Appeal Board. Claimant now appeals.

We affirm. It is well settled that general dissatisfaction with a job or the inability to get along with a supervisor does not constitute good cause for leaving one's employment (*see Matter of Hill [Commissioner of Labor]*, 54 AD3d 1123, 1124 [2008]; *Matter of Stevens [Commissioner of Labor]*, 50 AD3d 1351, 1352 [2008]). Here, claimant expressed extreme displeasure with his work environment as well as the demeanor of his supervisor, which undoubtedly contributed to the stress he was experiencing. While his physician provided him with a note setting forth medical reasons justifying a leave of absence, claimant did not receive medical advice to quit his job (*see Matter of DePuy [Faith United Methodist Church—Commissioner of Labor]*, 80 AD3d

1050, 1051 [2011]; *Matter of Jennings [Bay Brokerage—Commissioner of Labor]*, 79 AD3d 1559, 1560 [2010]). Moreover, although claimant cited safety concerns as another reason for his leaving, his supervisor testified that he accepted claimant's suggestions concerning the operation of the machinery and did not have him engage in potentially dangerous work practices. Any conflict in the testimony presented a credibility issue for the Board to resolve (*see Matter of Tedesco [Commissioner of Labor]*, 73 AD3d 1412, 1413 [2010]). In sum, substantial evidence supports the Board's finding that claimant left his job for personal and noncompelling reasons. Furthermore, we find nothing in the record to substantiate claimant's assertion that the Administrative Law Judge was unfair, engaged in unethical behavior or manipulated the testimony contained in the hearing transcripts. Consequently, we find no reason to disturb the Board's decision.

Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.