■ In the Matter of the Claim of FRANK J. BARONE, Appellant. COMMISSIONER OF LABOR, Respondent. [968 NYS2d 740]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 22, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was hired by a small securities brokerage firm, specializing in executing trades for money managers and institutional investors, to obtain clients and expand the firm's accounts. Under the terms of the retainer agreement, claimant was to be paid a draw of $7,000 for the month of February 2011 and a monthly commission of 45% on net commissions generated above that level to cover his monthly draw. The employer, however, retained the discretion to discontinue any future monthly draws. Claimant received draws of $7,000 for the months of February and March 2011, but did not make any sales during this time. He was informed that beginning in April 2011, he would no longer receive monthly draws and that his compensation would be based on commissions only. Shortly thereafter, claimant resigned from his position. He applied for unemployment insurance benefits, but the Unemployment Insurance Appeal Board ultimately ruled that he was disqualified from receiving them because he voluntarily left his employment without good cause. Claimant now appeals.

We affirm. "Whether a claimant has good cause to leave his or her employment is a factual determination to be made by the Board, and its decision will not be disturbed when supported by substantial evidence" (*Matter of Heller [Paragon Motors of Woodside, Inc.—Commissioner of Labor]*, 83 AD3d 1229, 1229-1230 [2011] [citations omitted]; *see Matter of Georgatos [Commissioner of Labor]*, 100 AD3d 1130, 1130 [2012]). A claimant's

dissatisfaction with compensation has been held not to constitute good cause for leaving employment (*see Matter of Kelly [A-1 Tech., Inc.—Commissioner of Labor]*, 65 AD3d 1405, 1406 [2009]; *Matter of Feliciano [Commissioner of Labor]*, 39 AD3d 1115, 1116 [2007]). Here, claimant testified that he was accustomed to receiving a salary and was not prepared to work on a commission-only basis. However, under the terms of the retainer agreement, the monthly draws were not guaranteed and the employer retained the discretion to discontinue them any time after February 2011. While claimant asserts that he thought the employer would continue to pay him the draws for six months to a year in order to give him time to generate sales, this understanding is not reflected in the retainer agreement.

Moreover, although claimant testified that the owner of the firm pressured him to resign by threatening to provide unfavorable information about the terms of his separation if he decided to apply for unemployment insurance benefits, this presented a credibility issue for the Board to resolve (*see Matter of Molinari [Commissioner of Labor]*, 53 AD3d 1009, 1010 [2008]; *Matter of Croughter [Commissioner of Labor]*, 50 AD3d 1360, 1360 [2008]). In sum, inasmuch as substantial evidence supports the Board's finding that claimant left his job for personal and noncompelling reasons, we find no reason to disturb its decision.

Rose, J.P., Lahtinen, Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.