■ In the Matter of the Claim of CHRYSTIE A. COTTONE, Respondent. MARINO-PALMIERI AGENCY, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [972 NYS2d 342]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 23, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a customer service representative for the employer and the prior owner of the business for approximately 15 years. In February 2009, approximately one year after the

employer took over the business, claimant resigned, citing child-care issues. Claimant's application for unemployment insurance benefits was initially denied and, following a hearing, the Administrative Law Judge upheld that determination. Ultimately, the Unemployment Insurance Appeal Board determined that claimant left her employment for good cause and ruled that she was eligible to receive benefits. The employer now appeals.

"Whether a claimant has good cause to leave his or her employment is a factual determination to be made by the Board, and its decision will not be disturbed when supported by substantial evidence" (*Matter of Heller [Paragon Motors of Woodside, Inc.—Commissioner of Labor]*, 83 AD3d 1229, 1229 [2011] [citations omitted]; *see Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor]*, 69 AD3d 1156, 1157 [2010]). Claimant offered multiple reasons that she was dissatisfied with her employment, but the record supports the Board's conclusion that the impetus for her resignation was an inability to arrange appropriate child care despite having made sufficient efforts in that regard. We find that substantial evidence supports the Board's determination that, under all of the circumstances presented here, claimant had good cause to leave her employment (*see Matter of Heller [Paragon Motors of Woodside, Inc.—Commissioner of Labor]*, 83 AD3d at 1230; *compare Matter of Denson [Commissioner of Labor]*, 34 AD3d 893, 893-894 [2006]).

Peters, P.J., Lahtinen, Stein and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.