*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 17, 2015                520391
_____

In the Matter of the Claim of
    TAMMY A. POULIN,
                    Appellant.            MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   August 10, 2015

Before:   Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Tammy A. Poulin, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 8, 2014, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because she voluntarily left her employment without good cause.

        Claimant worked as a service technician at a motorcycle
sales and repair shop for approximately five months.  After her
supervisor told her that she would not be getting a raise,
claimant became upset and asked to leave early and to take the
following day off from work, which requests were granted.
Claimant later changed her mind about taking the next day off and
called and texted her supervisor that evening, but he did not
respond to her messages.  Claimant appeared at the shop the
following day with a U-Haul truck and proceeded to take all of
her tools and equipment without speaking to her supervisor,
except to inform him that she was leaving.  Claimant subsequently
applied for unemployment insurance benefits, but was disqualified

from receiving them upon the basis that she voluntarily left her employment without good cause. That determination was upheld by an Administrative Law Judge following a hearing and, thereafter, by the Unemployment Insurance Appeal Board. Claimant now appeals.

We affirm. Initially, it is well established that dissatisfaction with one's salary does not constitute good cause for leaving employment (see Matter of Kelly [A-1 Tech., Inc.–Commissioner of Labor], 65 AD3d 1405, 1406 [2009]; Matter of Hayes [Commissioner of Labor], 64 AD3d 1116, 1116-1117 [2009]). Here, claimant testified that, after changing her mind about taking the next day off and unsuccessfully attempting to reach her supervisor, she assumed that her job was no longer available and, consequently, she returned to the shop the next day to load up her tools and equipment. Claimant conceded that she did not ask her supervisor about the status of her job or speak to his superior prior to loading her tools, and she admitted that her supervisor never told her that she was fired. Under these circumstances, and given that claimant did not take reasonable measures to protect her employment, substantial evidence supports the Board's finding that she voluntarily left her employment without good cause (see Matter of Goldner [Commissioner of Labor], 59 AD3d 756, 757 [2009]; Matter of Williams [Commissioner of Labor], 54 AD3d 1119, 1120 [2008]; Matter of Puchalski [Commissioner of Labor], 48 AD3d 868, 869 [2008]).

Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court