*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                521713
_____

In the Matter of the Claim of
    TERRY L. DOANE,
                    Appellant.

                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

                    _____


        Terry L. Doane, Baldwinsville, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for respondent.


                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 24, 2015, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because he voluntarily left his employment without good cause.

        Claimant retired from his full-time position as a glass
glazier in February 2014.  He thereafter agreed to return to work
part time in May 2014.  Claimant left this job after only working
for a few days, however, citing the fact that he was being paid
at a lower hourly rate than the rate he was paid before he
retired.  The Unemployment Insurance Appeal Board disqualified
him from receiving unemployment insurance benefits on the basis
that he voluntarily left his employment without good cause.
Claimant now appeals.

        We affirm.  "It is well settled that dissatisfaction with
wages does not constitute good cause for leaving employment for

purposes of receiving unemployment insurance benefits" (<u>Matter of Kelly [A-1 Tech., Inc.—Commissioner of Labor]</u>, 65 AD3d 1405, 1406 [2009] [citation omitted]; <u>see</u> <u>Matter of Poulin [Commissioner of Labor]</u>, 131 AD3d 1319, 1319 [2015]).  Here, claimant admittedly left his employment due to his dissatisfaction with his hourly rate of pay.  Although claimant contends that the reduction in his pay rate constituted a substantial change in the terms and conditions of his employment (<u>see</u> <u>Matter of Heller [Paragon Motors of Woodside, Inc.—Commissioner of Labor]</u>, 83 AD3d 1229, 1230 [2011]), the employer's representative testified that claimant was informed of the lower rate of pay at the time he accepted the part-time job offer.  Claimant's conflicting testimony presented a credibility issue for the Board to resolve (<u>see</u> <u>Matter of Cunningham [Commissioner of Labor]</u>, 126 AD3d 1208, 1209 [2015]; <u>Matter of Guido [Commissioner of Labor]</u>, 108 AD3d 919, 920 [2013]).  As substantial evidence supports the Board's decision, it will not be disturbed.

Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court