██ In the Matter of the Claim of MARGARET CAMPISE, Appellant. COMMISSIONER OF LABOR, Respondent. [54 NYS3d 761]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 25, 2016, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant resigned from her position as an office manager and staff accountant after her request for a pay raise was denied. Claimant's subsequent application for unemployment insurance benefits was denied by the Unemployment Insurance Appeal Board on the basis that claimant voluntarily left her employment without good cause. Claimant now appeals.

We affirm. "Whether a claimant has voluntarily left employment for good cause is a factual determination to be made by the Board, and its decision will not be disturbed if supported by substantial evidence" (*Matter of Garside [Commissioner of Labor]*, 73 AD3d 1420, 1420-1421 [2010] [citations omitted]; *see Matter of Malone [Commissioner of Labor]*, 117 AD3d 1306, 1306 [2014]). Here, claimant testified that her request for a pay raise was turned down by the employer because she had been observed using the employer's computer for personal reasons during work hours, which she claimed the employer characterized as stealing, that she had embarrassed the employer by mistakenly providing a client with the wrong credit card number, which was denied for lack of funds, and there currently was not enough work to keep her busy. Claimant further testified that she resigned due to emotional abuse, both regarding the reasons given for the denial of the pay raise and for an overall hostile work environment.

"It is well settled that dissatisfaction with wages does not constitute good cause for leaving employment for purposes of receiving unemployment insurance benefits" (*Matter of Kelly [A-1 Tech., Inc.—Commissioner of Labor]*, 65 AD3d 1405, 1406 [2009] [citations omitted]; *accord Matter of Doane [Commissioner of Labor]*, 140 AD3d 1497, 1497-1498 [2016]). Moreover, "criticism by an employer, even if considered to be harsh, does not constitute good cause for leaving one's employment" (*Matter of Poliseno [Commissioner of Labor]*, 37 AD3d 938, 938 [2007] [internal quotation marks and citations omitted]; *see Matter of Rizza [Commissioner of Labor]*, 67 AD3d 1239, 1239 [2009]). Based upon our review of the record, the employer's criticism of claimant's job performance was not "so intolerable

as to justify claimant's resignation" (*Matter of Poliseno [Commissioner of Labor]*, 37 AD3d at 938). Although claimant also contends that she resigned because of an overall hostile work environment, she testified that she would not have resigned at that time had it not been for the denial of her request for a pay raise and the reasons behind the denial. Further, the employer's owner testified that the only reason that claimant gave him for resigning was the fact that he had denied the pay raise. Inasmuch as "[i]ssues of witness credibility, the evaluation of evidence and the inference to be drawn therefrom are within the exclusive province of the Board" (*Matter of Lowman [Commissioner of Labor]*, 101 AD3d 1282, 1283 [2012]; *accord Matter of Malone [Commissioner of Labor]*, 117 AD3d at 1306), we conclude that the Board's decision that claimant did not leave her employment for good cause is supported by substantial evidence (*see Matter of Poliseno [Commissioner of Labor]*, 37 AD3d at 938-939).

Peters, P.J., Garry, Egan Jr., Lynch and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.