Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 12, 2017, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
 

 Claimant resigned from his position as a heating, ventilation and air conditioning technician because he objected to the critical manner in which his interim supervisor spoke to him and his coworkers. Claimant’s subsequent application for unemployment insurance benefits was denied by the Unemployment Insurance Appeal Board on the ground that he voluntarily left his employment without good cause. Claimant now appeals.
 

 We affirm. “Whether a claimant has voluntarily left employment for good cause is a factual determination to be made by the Board, and its decision will not be disturbed if supported by substantial evidence” (Matter of Campise [Commissioner of Labor], 150 AD3d 1523, 1524 [2017] [internal quotation marks and citation omitted]; see Labor Law § 593 [1] [a]). Here, claimant testified that, after being promoted, the supervisor made critical comments about the workers’ skills, including his own. Claimant submitted his resignation after the supervisor accused him of breaking a fitting on a water line by standing on it, which he denied. Claimant quit because he did not approve of the supervisor’s demeanor and due to his lack of leadership skills and professionalism. While claimant had complained to his superiors, one of them testified that the problems were being addressed with the supervisor and that he had remained on interim status pending his satisfactory performance.
 

 “[C]riticism by an employer, even if considered to be harsh, does not constitute good cause for leaving one’s employment” (Matter of Campise [Commissioner of Labor], 150 AD3d at 1524), and the inability to get along with a supervisor likewise does not constitute good cause for quitting (see Matter of Araman [Commissioner of Labor], 150 AD3d 1526, 1528 [2017]; Matter of Feldstein [Commissioner of Labor], 121 AD3d 1477, 1478 [2014]). While the supervisor accused claimant of breaking the fitting, claimant was not facing disciplinary charges and did not provide a compelling reason to leave at that time (see Matter of Franklin [Commissioner of Labor], 141 AD3d 1067, 1068 [2016]). Upon our review of the record, we agree that “the [supervisor’s] criticism of claimant’s job performance was not so intolerable as to justify claimant’s resignation” (Matter of Campise [Commissioner of Labor], 150 AD3d at 1524-1525; see Matter of Araman [Commissioner of Labor], 150 AD3d at 1528). As the Board’s decision that claimant voluntarily left his employment without good cause is supported by substantial evidence, it will not be disturbed.
 

 Peters, P.J., Lynch, Devine, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.