In the Matter of the Claim of PEICHUN HUANG, Appellant. COMMISSIONER OF LABOR, Respondent. [63 NYS3d 149]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 17, 2016, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Starting in December 2012, claimant worked as an accounts receivable collector and was eventually promoted to accounts receivable manager. In December 2015, claimant resigned because of an excessive work load and the employer's failure to adequately address her staffing concerns. The denial of claimant's subsequent application for unemployment insurance benefits was ultimately upheld by the Unemployment Insurance Appeal Board on the ground that she voluntarily left her employment without good cause. Claimant appeals.

We affirm. "Whether a claimant has voluntarily left employment for good cause is a factual determination to be made by the Board, and its decision will not be disturbed if supported by substantial evidence" (*Matter of Campise [Commissioner of Labor]*, 150 AD3d 1523, 1524 [2017] [internal quotation marks and citations omitted]; *accord Matter of Sheldon [Commissioner of Labor]*, 153 AD3d 1480, 1480 [2017]; *see* Labor Law § 593 [1] [a]). "[D]issatisfaction with one's employment, including assertions of being overworked, does not constitute good cause for leaving employment" (*Matter of Romano [Commissioner of Labor]*, 30 AD3d 953, 954 [2006] [internal quotation marks and citation omitted]; *see Matter of Rainville [Univera Healthcare CNY—Commissioner of Labor]*, 288 AD2d 747, 747 [2001]; *Matter of Maine [Commissioner of Labor]*, 282 AD2d 854, 855 [2001]).

Claimant testified that, during the course of her employ-

ment, she complained to her supervisor that the work load was not evenly distributed and that she was performing additional responsibilities as a result of the loss of several coworkers due to resignations, a termination and maternity leave. The record evidence also demonstrates, however, that claimant advised her supervisor that she could perform certain additional responsibilities resulting from a coworker's termination, and the employer informed her that some of her accounts would be transferred to new employees. Upon being promoted to accounts receivable manager, claimant was also permitted to assign certain job responsibilities and transfer some of her accounts to her coworkers and assisted the employer with interviewing potential employees, although there were many candidates that claimant did not approve of. Inasmuch as, among other things, claimant continued to work for three years, assumed additional job responsibilities during that time period and was never mandated to work additional hours to complete her work, the Board's finding that claimant voluntarily left her employment without good cause is supported by substantial evidence and will not be disturbed (see *Matter of Romano [Commissioner of Labor]*, 30 AD3d at 953-954; *Matter of Brown [Commissioner of Labor]*, 288 AD2d 809, 809 [2001]; *Matter of Gega [Commissioner of Labor]*, 272 AD2d 738, 738 [2000]).

McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.