Matter of Kolesar (Nuwer's Auto Parts Inc.--Commissioner of Labor) (2018 NY Slip Op 03785)





Matter of Kolesar (Nuwer's Auto Parts Inc.--Commissioner of Labor)


2018 NY Slip Op 03785


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525040

[*1]In the Matter of the Claim of KAREN L. KOLESAR, Respondent. NUWER'S AUTO PARTS INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 3, 2018

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Gerald P. Gorman, Hamburg, for appellant.
Salvatore C. Adamo, Albany, for Karen L. Kolesar, respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 3, 2016, which ruled that claimant was eligible to receive unemployment insurance benefits.
Claimant worked as a bookkeeper for a used auto parts company (hereinafter the employer) for over two years. When the employer's president received a telephone call from a bank representative informing him that payments on certain equipment leases were in arrears, he confronted claimant. She admitted that the payments had not been made and told him that the job was too much for her. He, in turn, told her to get out. Claimant never returned to work and filed a claim for unemployment insurance benefits. The Department of Labor found her eligible to receive benefits, and its determination was later upheld by an
Administrative Law Judge as well as the Unemployment Insurance Appeal Board. The employer appeals.
The employer contends that claimant is not entitled to receive benefits because she was terminated for misconduct and, alternatively, voluntarily quit her job. Whether a claimant has engaged in disqualifying misconduct or has voluntarily left employment without good cause is a factual issue for the Board to resolve, and its determination in this regard will not be disturbed if supported by substantial evidence (see Matter of Peichun Huang [Commissioner of Labor], 155 AD3d 1235, 1235 [2017]; Matter of Reyes [Commissioner of Labor], 153 AD3d 1551, 1552 [2017]). Here, the employer's president admitted that he terminated claimant after he confronted her about the telephone call and she expressed her inability to do her job. Although he claims that she was discharged because she engaged in misconduct by allegedly writing a company check to pay a personal bill, this was discovered later and does not appear to have been a basis for claimant's termination. Further, the president's admission that he immediately discharged claimant and her testimony that her job was posted on Craigslist within an hour after she left the employer's premises negate the inference that she voluntarily quit her job. Accordingly, given [*2]that substantial evidence supports the Board's finding that claimant was entitled to receive benefits, we find no reason to disturb its decision.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.