Matter of Schwartz (Commissioner of Labor) (2018 NY Slip Op 06307)





Matter of Schwartz (Commissioner of Labor)


2018 NY Slip Op 06307


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

526220

[*1]In the Matter of the Claim of HOWARD R. SCHWARTZ, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: August 6, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Howard R. Schwartz, Bayside, appellant pro se.
Barbara D. Underwood, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 28, 2017, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant worked as a principal administrative assistant for the New York City Department of Sanitation. He left in December 2015 to take a job at a different agency, but was permitted to return to the Department in April 2017 to the same position that he previously held. When he reported to work on April 24, 2017, he was informed of certain conditions related to the location and hours of his employment. Claimant was unhappy with these conditions, and, during the early morning hours of April 25, 2017, he emailed a letter of resignation to the employer indicating that he wished to pursue other employment opportunities. He changed his mind later that day and sent another email to the employer attempting to retract his resignation. The employer responded to claimant the following day advising that his resignation had been accepted. Claimant's subsequent application for unemployment insurance benefits was denied on the ground that he voluntarily left his employment without good cause. The denial was upheld by an Administrative Law Judge following a hearing and later by the Unemployment Insurance Appeal Board. Claimant appeals.
We affirm. Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Huang [Commissioner of Labor], 155 AD3d 1235, 1235 [2017]; Matter of Campise [Commissioner of Labor], 150 AD3d 1523, 1524 [2017], appeal dismissed 30 NY3d 1008 [2017]). Notably, a claimant's dissatisfaction with working conditions (see Matter of Falcone [Commissioner of Labor], 108 AD3d 917, 917-918 [2013]; Matter of Dickey [Commissioner of Labor], 89 AD3d 1299, 1300 [2011]) or work schedule (see Matter of Walters [Commissioner of Labor], 152 AD3d 856, 857 [2017]; Matter of Persaud [Commissioner of Labor], 109 AD3d 1074, 1075 [2013]) have been found not to constitute good cause for leaving employment. Here, it is undisputed that claimant tendered his resignation because he was dissatisfied with his work station as well as his hours. Although he attempted to [*2]rescind his resignation, it was not incumbent upon the employer to allow him to do so (see Matter of Bennett [Commissioner of Labor], 106 AD3d 1359, 1359 [2013]). Therefore, inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.