Matter of Gilyard (Commissioner of Labor) (2019 NY Slip Op 02201)





Matter of Gilyard (Commissioner of Labor)


2019 NY Slip Op 02201


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

527713

[*1]In the Matter of the Claim of LORRAINE GILYARD, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ.


Lorraine Gilyard, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 23, 2018, which denied claimant's application to reopen and/or reconsider a prior decision.
Claimant, a residential aide at a secure family shelter, resigned her position in October 2017 — purportedly due to ongoing verbal sexual harassment by a supervisor — and applied for unemployment insurance benefits. By decision filed April 30, 2018, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. Shortly thereafter, claimant applied for reopening and reconsideration of the Board's decision. The Board, by decision filed July 23, 2018, denied claimant's application, prompting this appeal.
We affirm. Initially, claimant has not advanced any argument regarding the denial of her application to reopen and/or reconsider the Board's prior decision, and our review of the record fails to disclose that the Board abused its discretion in this regard. Accordingly, we find no basis upon which to disturb the Board's July 2018 decision denying claimant's application for reopening and/or reconsideration (see Matter of Lambrecht [Commissioner of Labor], 102 AD3d 1050, 1051 [2013]; Matter of Wood [Commissioner of Labor], 24 AD3d 854, 855 [2005]; Matter of Petrillo [Commissioner of Labor], 308 AD2d 666, 667 [2003]).
Nonetheless, claimant's timely application for reopening and reconsideration brings the merits of her claim — as well as the Board's April 2018 decision — properly before us (see Matter of Lambrecht [Commissioner of Labor], 102 AD3d at 1051; compare Matter of Wood [Commissioner of Labor], 24 AD3d at 855). That said, claimant admittedly voiced no complaints to her superiors regarding the alleged sexual harassment, thereby both depriving the employer of an opportunity to address the situation and failing to take reasonable steps to protect her employment (see Matter of Augustus [Commissioner of Labor], 84 AD3d 1669, 1669 [2011]; Matter of Roman [Commissioner of Labor], 32 AD3d 1067, 1068 [2006]). Similarly, although claimant testified at the hearing that she was undergoing therapy to deal with the aftermath of the alleged harassment, she did not seek treatment until after she resigned from her position, and nothing in the record suggests that she was given medical advice to leave her employment (see [*2]Matter of Dunlop [Commissioner of Labor], 62 AD3d 1186, 1186 [2009]; Matter of Diermyer [Commissioner of Labor], 58 AD3d 996, 997 [2009]; Matter of Canty [Commissioner of Labor], 49 AD3d 943, 943 [2008]). Under these circumstances, and given that "[g]eneral dissatisfaction with working conditions or an inability to get along with coworkers [or a supervisor] does not constitute good cause for leaving employment" (Matter of Augustus [Commissioner of Labor], 84 AD3d at 1669; see Matter of Hill [Commissioner of Labor], 54 AD3d 1123, 1124 [2008]), the Board's finding that claimant voluntarily left her employment without good cause is supported by substantial evidence.
Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.