Matter of Xavier (Commissioner of Labor) (2019 NY Slip Op 04074)





Matter of Xavier (Commissioner of Labor)


2019 NY Slip Op 04074


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

527788

[*1]In the Matter of the Claim of EDMILSON P. XAVIER, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 19, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Cindy R. Katz, Queens Legal Services, Jamaica, for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 22, 2018, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
After claimant, a salesperson, developed a calcaneal spur that made it difficult for him to stand, the employer attempted to accommodate his condition — first by providing claimant with a stool and then by reassigning him to different departments at the same rate of pay. Claimant — dissatisfied with his new assignments and believing that he was being discriminated against — left his job and filed a claim for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately disqualified claimant from receiving benefits upon the ground that he voluntarily left his employment without good cause. Claimant appeals.
We affirm. "Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Schwartz [Commissioner of Labor], 164 AD3d 1582, 1583 [2018] [citations omitted]; see Matter of Tanasa [Commissioner of Labor], 164 AD3d 998, 998-999 [2018]; Matter of Baxter [Commissioner of Labor], 162 AD3d 1451, 1452 [2018]). In this regard, neither dissatisfaction with one's working conditions (see Matter of Schwartz [Commissioner of Labor], 164 AD3d at 1583), work schedule/hours (see Matter of Walters [Commissioner of Labor], 152 AD3d 856, 857 [2017]; Matter of della Croce [Commissioner of Labor], 117 AD3d 1249, 1249 [2014]), job duties (see Matter of Carcaterra [Association for Computing Mach., Inc.-Commissioner of Labor], 90 AD3d 1389, 1390 [2011]) or salary (see Matter of Poulin [Commissioner of Labor], 131 AD3d 1319, 1319 [2015]), nor an inability to get along with one's supervisors or coworkers (see Matter of Gilyard [Commissioner of Labor], 170 AD3d 1419, 1420 [2019]; Matter of Sheldon [Commissioner of Labor], 153 AD3d 1480, 1480-1481 [2017]), constitutes good cause for leaving one's employment.
Claimant's assertion that he was harassed by his supervisor and was subject to discrimination based upon his disability and/or his race presented factual and credibility issues [*2]for the Board to resolve (see e.g. Matter of Cohen [New York City Dept. of Citywide Admin. Servs.-Commissioner of Labor], 152 AD3d 1091, 1093 [2017]). To the extent that claimant contends that he improperly was denied training for the new position to which he ultimately was assigned, the record reflects that claimant failed to afford the employer a reasonable opportunity to address this issue and, in any event, "dissatisfaction with . . . the employer's training procedures
. . . does not constitute good cause for leaving employment" (Matter of Prince [Commissioner of Labor], 100 AD3d 1322, 1322 [2012] [internal quotation marks and citations omitted]). Claimant concedes that his physician did not advise him to quit (see e.g. Matter of Roth [Commissioner of Labor], 108 AD3d 906, 907 [2013]), and the record as a whole reflects nothing more than claimant's general dissatisfaction with his working conditions. Accordingly, substantial evidence supports the Board's decision that claimant lacked good cause to leave his employment. Claimant's remaining arguments, to the extent not addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.