Matter of Rohde (Goshen Chamber of Commerce, Inc.--Commissioner of Labor) (2019 NY Slip Op 06681)





Matter of Rohde (Goshen Chamber of Commerce, Inc.--Commissioner of Labor)


2019 NY Slip Op 06681


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

529088

[*1]In the Matter of the Claim of Mary Rohde, Appellant. Goshen Chamber of Commerce, Inc., Respondent. Commissioner of Labor, Respondent.

Calendar Date: August 30, 2019

Before: Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ.


Mary Rohde, Monroe, appellant pro se.
Goshen Chamber of Commerce, Goshen (Kelly M. Naughton of counsel), for Goshen Chamber of Commerce, Inc., respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 12, 2019, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, an executive assistant for a local chamber of commerce, received an email from her supervisor pertaining to what the supervisor considered to be her unprofessional and intimidating behavior and setting forth the expectations for claimant's future behavior while in the workplace. Claimant, who was unhappy with the email and considered it harassment by her supervisor, submitted her resignation the following day. The Unemployment Insurance Appeal Board, finding that claimant voluntarily left her employment without good cause, denied her application for unemployment insurance benefits. The Board granted claimant's subsequent application for reopening and reconsideration and adhered to its prior decision. Claimant appeals.
We affirm. "Whether a claimant has voluntarily left employment for good cause is a factual determination to be made by the Board, and its decision will not be disturbed if supported by substantial evidence" (Matter of Sheldon [Commissioner of Labor], 153 AD3d 1480, 1480 [2017] [internal quotation marks and citations omitted]; see Matter of Markaj [Commissioner of Labor], 119 AD3d 1267, 1267-1268 [2014]). Although claimant testified that she quit because she felt harassed by the supervisor and anticipated that she would be fired, "neither criticism of one's job performance nor quitting in anticipation of discharge constitutes good cause for resignation" (Matter of Hull [Commissioner of Labor], 77 AD3d 1012, 1013 [2010]; accord Matter of Markaj [Commissioner of Labor], 119 AD3d at 1268). Further, notwithstanding the fact that the email invited claimant to submit a response to the email to either the supervisor or the chamber of commerce board, she failed to protect her employment by expressing her concerns regarding the email to either prior to resigning (see Matter of Jones [Commissioner of Labor], 109 AD3d 1064, 1065 [2013]; Matter of Falcone [Commissioner of Labor], 108 AD3d 917, 918 [2013]; Matter of Jennings [Bay Brokerage-Commissioner of Labor], 79 AD3d 1559, 1560 [2010]).
We are also unpersuaded by claimant's contention that the Administrative Law Judge erred in precluding evidence pertaining to an alleged hostile work environment that preceded the supervisor's tenure, inasmuch as claimant identified in her application for unemployment insurance benefits, as well as when she was interviewed by the Department of Labor, that she quit as a result of harassment from her supervisor (see Matter of Markaj [Commissioner of Labor], 119 AD3d at 1268; see also 12 NYCRR 461.4 [a]). As substantial evidence supports the Board's decision that claimant left her employment without good cause while continuing work was available, it will not be disturbed (see Matter of Sheldon [Commissioner of Labor], 153 AD3d at 1481; Matter of Markaj [Commissioner of Labor], 119 AD3d at 1268; Matter of Jones [Commissioner of Labor], 109 AD3d at 1065).
Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.